:ZEBIAH M. G. HOLBROOK *vs.* CHARLES C. HOLBROOK.

It is no ground for vacating a decree of divorce, that since the decree the petitioner has been made, by a change in the law, an admissible witness to testify to his own innocence.

A decree of divorce will not be vacated after the lapse of twelve years, upon the ground that the adverse party suborned witnesses, when all the evidence to sustain that charge was known to the party making it at the time of the trial.

A decree of divorce will not be vacated after a lapse of twelve years, upon the ground that the adverse party induced the petitioner's witnesses to secrete themselves and avoid testifying, when it does not appear that the petitioner took any means to procure their attendance or to obtain a postponement of the trial.

PETITION to vacate a decree of divorce obtained in 1861, by the respondent against the petitioner, for the cause of her adultery. Petition filed in February, 1873. The grounds relied upon in the petition were, that the petitioner now could be a witness in her own behalf, which at the time of the trial she could not be ; that two witnesses were suborned by the respondent to testify falsely in regard to her alleged adulteries ; and that he hired

and intimidated certain of her witnesses so that they would not testify at the trial, and induced them to leave the court and secrete themselves so that they could not be found during the remaining two or three days of the trial.

At the hearing before *Wells,* J., it was admitted that no new evidence to sustain the charge that the respondent suborned witnesses or fraudulently procured evidence to establish the fact of the alleged adultery of the petitioner, had come to her knowledge since the trial of the libel for divorce in 1861 ; and that no other evidence was known to her except that she, herself, would now be a competent witness to prove her innocence of the alleged adultery, whereas her own testimony was not then admissible. She offered evidence to establish the other allegations of her petition. The court ruled that the facts, if established, would not entitle her to a decree vacating the former decree of divorce, and refused to hear the evidence ; and the petitioner alleged exceptions.

*C. Cowley,* for the petitioner.

*E. D. Sohier,* for the respondent.

GRAY, C. J. A decree of divorce will not be vacated and set aside by the court after the term at which it was entered, without clear proof that the libellee was prevented by fraud of the libellant or imposition upon the court from being heard in the original suit upon some matter which, if then proved, would have constituted a good defence. *Edson* v. *Edson,* 108 Mass. 590. *Whiting* v. *Whiting, ante,* 494. Any error in the rulings of the judge could only be revised by appeal or exceptions in the original cause. A subsequent change in the law of evidence cannot vary the effect of the former decree. *Bevan* v. *Bevan,* 4 Sw. & Tr. 265. Of the alleged fraud of her husband in procuring witnesses to prove her adultery, the present petitioner admits that she has discovered no new evidence since the former hearing. And as to the witnesses on whom she then relied to sustain her charge by way of recrimination, and whom she alleges to have been tampered with and kept away by her husband and his agents, she appears by her own allegations to have known of their absence for two or three days before the end of the trial,

and does not appear to have moved for a *capias* or a continuance, or taken any measures to procure their attendance, or to obtain a postponement of the trial on account of their absence. She fails, therefore, to show such diligence as to entitle her to have the decree vacated, even if twelve years had not elapsed since it was rendered. *Turquand* v. *Dawson,* 1 C., M. & R. 709; *S. C.* 5 Tyrwh. 488.                                     *Exceptions overruled.*