## Haines v. Amerine.

1. *Limitations—Burden of Proof Under Plea Traversed.*—Under a plea of the statute of limitations, traversed, the burden of proof is upon the defendant.

2. *Instructions—Assuming Facts, etc.*—It is not error for an instruction to assume facts conceded and not controverted.

3. *Judgment Proper on its Face—Costs as to a Dismissed Defendant.* —Where it is assigned for error that the judgment was rendered against a party for costs, made by reason of another party being originally made

defendant, but as to whom the suit had been dismissed while pending in a justice's court, the abstract not showing what costs, if any, were made in that court, the judgment appearing proper on its face, and nothing appearing *aliunde* to vitiate it, it will not be disturbed.

**Memorandum.**—Assumpsit. Appeal from a judgment for plaintiff, rendered by the Circuit Court of Fulton County; the Hon. Jefferson Orr, Circuit Judge, presiding. Heard in this court at the May term, A. D. 1892, and affirmed. Opinion filed January 3, 1893.

## Appellant's Brief.

In a justice's court, all proceedings are *ore tenus*, and the statute of limitations is presumed to have been pleaded, if necessary to the defense. William v. Corbet, 28 Ill. 262; Comstock v. Ward, 22 Ill. 248.

"In trials before justices of the peace, and in the Circuit Court on appeals from their judgments, formal written pleadings are not required, and a defendant has a right to insist upon proof of all material facts necessary to a recovery, precisely as if pleas were filed." Town of Lewistown v. Proctor, 27 Ill. 416; Hennies v. People, 70 Ill. 100.

Where a cause is dismissed upon motion of the plaintiff, it should be at his cost. Kinman v. Bennett, 1 Scam. (Ill.) 326; Shaffer v. Currier, 13 Ill. 668; Holliday v. Shugart, 56 Ill. 44; Smith v. Forbes, 14 Brad. 477.

A finding of a court contrary to the decided weight of evidence is good ground for reversal. Udell v. Howard, 28 Ill. App. 124.

The verdict of the jury should always be a just and fair conclusion from the whole evidence. Smith v. Slocum, 62 Ill. 360.

Gray & Waggoner, attorneys for appellant.

Winter & Son, with Ray Hamer, attorneys for appellee.

Opinion of the Court, *the Hon. George W. Pleasants, Presiding Judge.*

This action was commenced by appellee before a justice of the peace against appellant and Seaborn Haines, to recover

damages for alleged failure to deliver wheat according to contract. On the trial the case was dismissed by plaintiff as to Seaborn, and judgment rendered for damages found and costs against appellant, who appealed to the Circuit Court, where judgment was again·rendered for plaintiff, on verdict for a larger amount.

Appellee was a grain buyer at Vermont, and appellant a farmer in the neighborhood. On July 6, 1891, Seaborn Haines, as agent of his brother, the appellant, sold to appellee by sample from 1,000 to 1,500 bushels of wheat, not then threshed, at eighty cents per bushel. Plaintiff claimed that by the contract the wheat was to be delivered when threshed, and to be threshed in a reasonable time; and that was expected to be within two weeks, as expressed by Haines. The latter claimed that it was to be delivered, if threshed within two weeks. That is the only difference between the parties upon any material question of fact. The wheat was not threshed within two weeks, not through any fault of the defendant, but because the machine he had engaged broke down, and he failed in his efforts to get another within the time. Some two months later, he did thresh and ship it, and at that time it was worth ninety cents.

We do not care to discuss the evidence on the point in difference. It was conflicting, and the question has been twice decided against appellant by triers who saw and heard the witnesses. We think these findings fairly settle it.

In speaking of the occurrences referred to, the witnesses give the day of the month, without the year. Appellant here gravely claims that as all defenses are presumed to be relied on in justices' courts, including the statute of limitations, and as the cause of this action was not shown to have arisen within five years, it was barred by that statute. It does not appear that this supposed point was hinted at in either of the courts below. One of the defendant's witnesses, by his answer to a question not abstracted, clearly fixed the time as in "this year," the year of the trial, and thirdly, under a plea of the statute, traversed, the burden of proof is on the defendant.

It is assigned for error that judgment was rendered against appellant, "for cost made by reason of Seaborn Haines being made a party defendant." Seaborn Haines was not a party to this record, and the judgment was that "plaintiff do have and recover of and from the defendant the sum of one hundred and twenty dollars damages, together with his cost and charges by him about this suit in this behalf expended, to be taxed, and may have execution therefor." Nor does the abstract show what, if any, cost was made in the justice's court that would not have been properly made, if he had not been a party defendant there. The judgment on its face is proper, and nothing appears *aliunde* to vitiate it.

It is said that by the third instruction for plaintiff as to the measure of damages, the court assumed there was a difference between the contract price and the market price at the time of the alleged breach. It is not clear that the instruction did so assume, but if it did it was not error, because the fact so assumed was not controverted. It was conceded that the contract price was eighty cents, and three witnesses, being all who testified on that point, stated that the market price when the wheat was shipped by defendant, was ninety.

The defendant's refused instruction was substantially and fully embraced in the first and third of those given.

Perceiving no material error in the record, the judgment will be affirmed.