DAVID H. WHITTAKER

*v.*

MAGGIE T. WHITTAKER.

*Filed at Ottawa, June 19, 1894.*

1. CHANCERY—*opening decree and letting in defense.* In a proceeding by a defendant to set aside a decree and allow him to defend, the burden is on him to show that the decree against him ought not to have been made, and that it should be vacated for that reason.

2. Where a non-resident defendant, whose default has been taken, is allowed under the statute to make his defense, the original decree stands until it is vacated on final hearing, and it is presumed to be correct until overcome by evidence; and the court on such hearing should consider all the evidence, as well that in the record as that which may be adduced after the defendant is let in to defend.

APPEAL from the Appellate Court for the First District; —heard in that court on appeal from the Superior Court of Cook County; the Hon. PHILIP STEIN, Judge, presiding.

Messrs. CRATTY BROS., JARVIS & CLEVELAND, for the appellant:

Section 19 of the Chancery Act applies to decrees of divorce as forcibly as to other decrees, and gives the defendant a right to have a decree vacated in certain cases, and this right is not dependent on judicial discretion. *Lawrence* v. *Lawrence*, 73 Ill. 577; *Smith* v. *Smith*, 20 Mo. 167.

One year's *bona fide* residence of appellant in Cook county, previous to filing her bill for divorce, was jurisdictional, and even though defendant may appear guilty of drunkenness and desertion, as charged in the bill, without the existence of such jurisdictional fact, she was not entitled to a decree. *Way* v. *Way*, 64 Ill. 406, 411, 413; *People* v. *Beattie*, 137 id. 553, 569, 570, 571; *Caswell* v. *Caswell*, 120 id. 377.

That this residence must have been *bona fide* and with an intent to make Cook county a residence, and not for the purpose, simply, of obtaining a divorce: *Way* v. *Way*, 64 Ill. 406.

Public policy, to the exclusion of individual considerations, requires the dignity and respect of the courts of this State to be upheld, and that our courts be not made the object of fraudulent practices by disconsolate couples. *Way* v. *Way*, 64 Ill. 406, 413; *Hitchins* v. *Hitchins*, 41 Ill. App. 82.

That that same public policy must be upheld in cases where the decree is obtained by fraud, even though the parties thereto have remarried. *Lawrence* v. *Lawrence*, 73 Ill. 577; *Caswell* v. *Caswell*, 120 id. 387, and cases cited. *Smith* v. *Smith*, 20 Mo. 167; *Allen* v. *McClellan*, 12 Pa. St. 328; *Holmes* v. *Holmes*, 63 Me. 420; *Comstock* v. *Adams*, 23 Kan. 517; *True* v. *True*, 6 Minn. 458.

Messrs. DEFREES, BRACE & RITTER, for the appellee:

1. The provision of the statute permitting a defendant, not served with process, but brought into court by publication only, to come in and attack the validity of the decree within three years after it is entered, is not applicable to decrees of divorce.

In the argument of this proposition, the following authorities will be referred to: *Lawrence* v. *Lawrence*, 73 Ill. 577; *McJunkin* v. *McJunkin*, 3 Ind. 30; *Davis* v. *Davis*, 30 Ill. 180; *Lewis* v. *Lewis*, 15 Kan. 181; *Gilruth* v. *Gilruth*, 20 Iowa, 225; *Quigley* v. *Quigley*, 45 Hun, 23; *Bascom* v. *Bascom*, 7 Ohio, 465; *Parish* v. *Parish*, 9 Ohio St. 534; *Greene* v. *Greene*, 2 Gray, 361; *Stephens* v. *Stephens*, 51 Ind. 542; *Lucas* v. *Lucas*, 3 Gray, 136; 2 Bishop on Marriage, Divorce and Separation, sections 1533–4; *Woolley* v. *Woolley*, 12 Ind. 663; *McQuigg* v. *McQuigg*, 13 id. 294; *Salisbury* v. *Salisbury*, 90 Mo. 683; *Cranch* v. *Cranch*, 30 Wis. 667; *Caswell* v. *Caswell*, 120 Ill. 377.

2. The evidence offered and received at the second hearing was insufficient to overcome the presumption that the original decree was properly entered.

The decree is presumed to be correct until the contrary is established. *Baker* v. *Backus*, 32 Ill. 79, 95; *Bruner* . v. *Battell*, 83 id. 317–323.

3. The appellant is estopped by his conduct from attacking the validity of the original decree. Bigelow on Estoppel, ch. 18; *Dunn* v. *Dunn*, 4 Paige, 425; *Edson* v. *Edson*, 108 Mass. 590; *Burge* v. *Burge*, 88 Ill. 164; *Singer* v. *Singer*, 41 Barbour, 139; *Rouse* v. *Rouse*, 47 Iowa, 422; *People* v. *Baker*, 76 N. Y. 78; *Jones v. Jones*, 108 id. 415.

Mr. JUSTICE BAILEY delivered the opinion of the Court:

On October 26, 1887, Maggie T. Whittaker filed her bill in chancery in the Superior Court of Cook county, against David H. Whittaker, praying for a divorce, the grounds for relief set up in her bill being habitual drunkenness and desertion. The defendant being a resident of New York, service on him was made by publication, and he failing to appear, the bill was taken *pro confesso* against him, and on an *ex parte* hearing, the court found that both the charges made by the bill were sustained by the evidence, and rendered a decree divorcing the parties, giving the complainant the custody of her infant son, and restoring to her her maiden name.

On December 17, 1890, which was only seven days before the expiration of three years from the entry of the decree, the defendant appeared and filed his petition under the provisions of section 19, of chapter 22, of the Revised Statutes, praying to be heard touching the matter of the decree, and that the decree be set aside and the bill dismissed. Leave being given, the defendant filed an answer, denying the charges of habitual drunkenness and desertion, and also denying that the complainant, at the time of filing her bill, was a resident of this State, and alleging

that she was then a resident of Middleburgh, in the State of New York, and had resided there for a number of years, and that she never resided in the State of Illinois before or since the filing of her bill.

On June 5, 1893, the Superior Court, after hearing further evidence in open court offered by the respective parties, entered a decree vacating the original decree, and dismissing the bill for want of equity. On appeal to the Appellate Court that decree was reversed, the original decree confirmed, and the defendant's petition dismissed. The present appeal is by the defendant from the judgment of the Appellate Court.

We have carefully considered all the evidence in the case, and are disposed to concur with the Appellate Court in its decision. The evidence adduced upon the first hearing bearing upon the charges of habitual drunkenness and desertion was, in our opinion, amply sufficient to sustain those charges. The only evidence given on the second hearing having a tendency to contradict the case thus made, was that of the defendant himself, and he, when all his testimony is considered, practically admits the desertion, and so far as the other charge is concerned, he admits the habitual use of intoxicating liquors, and that he sometimes became intoxicated, but he seeks to show that his intoxication was somewhat less frequent and less protracted than that shown by the testimony of the complainant and her witnesses. On the whole case, we think these charges are both proved.

But the main attack upon the decree relates to the evidence bearing upon the question of the complainant's residence in this State at the time of filing her bill, and for a sufficient length of time prior thereto to give the court jurisdiction of a bill for divorce. It must be admitted that the evidence on this question is quite conflicting, and not in all respects as satisfactory as could be wished, but we think it may fairly be held to be sufficient to sustain the jurisdic-

tion of the court.  On the first hearing the complainant testified that she had been a resident of Chicago continuously since October 1, 1885, and that at the time she testified, she was residing at 1208 Michigan avenue.  On the second hearing she produced as a witness one Root, who testified that he knew of the complainant's being in Chicago for a short time prior to October 1, 1886; that from that date up to the last of September, 1887, the witness resided with his family in several places in Chicago, he having moved two or three times during that period; that the complainant came to board with him about October 1, 1886, and continued to live with him as a member of his family, with the exception of occasional short absences from the city, up to the last of September, 1887, and that she then went to some place in the city on the South Side. Two of the defendant's witnesses testify that in October and November, 1887, the complainant was living at 1208 Michigan avenue.  ·

On the other hand, several witnesses for the defendant testify that, for several years prior to the time of filing her bill, the complainant, in fact, resided at Middleburgh, New York, and that during all that time she was frequently seen by them at that place.  But it should be remembered that the testimony of these witnesses was taken nearly six years after the bill was filed, and on cross-examination most, if not all of them exhibit a want of definiteness and certainty as to the dates at which they saw the complainant at Middleburgh, which tends very considerably to impair the value of their testimony.  As none of these witnesses seem to have had any special occasion to observe or know the whereabouts of the complainant at any particular time, it may well be that she was absent from Middleburgh for a year or two, that length of time ago, and they have forgotten it, if they ever in fact noticed her absence.  None of them claim to have known of her whereabouts, except from meeting her occasionally, and they may easily be mis-

taken in their recollection as applied to the year or two prior to October 26, 1887, the date of filing the original bill.

It should be observed that, in proceedings of this character by a defendant to set aside a decree, the burden is on him to show that the decree against him ought not to have been made, and that it should be vacated for that reason. Thus, in *Bruner* v. *Battell*, 83 Ill. 317, it was held that, where a non-resident defendant, whose default has been taken, is allowed, under the statute, to make a defense, the original decree stands until it is vacated on final hearing, and it is presumed to be correct until overcome by evidence, and the court, on the final hearing, should consider all the evidence, as well that in the record as that which may be adduced after the defendant is let in to defend.

Applying this rule, and considering all the evidence in the record, we are of the opinion that it appears by a fair preponderance of the evidence that, at the time of filing her bill, and for more than a year prior thereto, the complainant was in fact living in this State and making her home here. The only attempt to meet and rebut her case in this respect is by introducing evidence, tending to show that during that time she was not personally present in this State, but was living in the State of New York. No evidence was offered tending to show that her residence here was merely colorable and fraudulent, and as her testimony tends to show that she was a *bona fide* resident of this State, and as the preponderance of the evidence, as we have already said, shows that she was in fact residing here, the presumption as to the correctness of the decree is not overcome.

It may also be remarked that the defendant does not present himself to this court in an attitude which should strongly commend him to our favorable consideration, or which should induce us to strain a point for the purpose of

relieving him from the decree against him. It appears from his own testimony, as well as from his declarations proved by other witnesses, that he was fully aware of the existence of the decree within less than six months of the time of its entry, and was also aware of his right under the statute to appear and ask to have it vacated. He took no steps, however, and about a year and a half after the entry of the decree, the complainant married again. For nearly a year after her second marriage he remained entirely quiescent, and filed his petition only as the three years granted him for that purpose were about to expire. He declares that he has no wish to take the complainant back or live with her again as his wife, and has no expectation of doing so, but that he desires to be divorced from her. His professed object in seeking to have the decree vacated, is for the purpose of obtaining the custody of his infant son. But as the custody of the child is always within the discretion of the court, and may be disposed of in such way as to subserve the best interests of the child, the decree need not be vacated for that purpose. There is much foundation in the evidence for the conclusion, that his only purpose in seeking to have the decree vacated, is to annoy and harass the complainant, and to place her in the embarrassing and unfortunate position which, in view of her second marriage, would result from an annullment of the decree. A court of equity should not aid him in the accomplishment of such purpose, unless imperative rules of law necessitate that result.

The judgment of the Appellate Court will in all things be affirmed.

*Judgment affirmed.*