## Adolphus North v. Louis Zerwick, Adm'r, etc.

1. APPELLATE COURT PRACTICE—*Sufficiency of the Abstract.*—Where the admission of evidence in the adjustment of a claim in probate is assigned for error, but the abstract discloses neither objection to its admission nor exception to the action of the court below upon it, the assignment will not be considered by the Appellate Court.

2. SAME—*Technical Objections to the Form of the Judgment to be Made in the Trial Court.*—Where a judgment entered in favor of a defendant estate on a plea of set-off, was "that the defendant, the estate of O. R. N., deceased, etc.," instead of "the defendant, L. Z., administrator, etc., have etc.," and no objection was made in the trial court to such form and no error assigned in regard to it, the informality is not before this court for review.

3. SAME—*Statute of Limitations Can Not Be Raised for the First Time in the Appellate Court.*—While it is not necessary to formally plead the statute of limitations in courts where written pleadings are not required, still it must have been in some way interposed as a defense in the trial court. It can not be relied upon for the first time in an Appellate Court.

4. INSTRUCTIONS—*Errors in One Cured When the Whole Series Are Considered Together.*—When there is a plea of set-off on file and undisposed of, an instruction as to the form of the verdict, not accurately drawn, and to some extent open to the criticism that it invades the province of the jury, if, when all the instructions are taken together

and fairly considered, they leave the jury to decide the issues on both claim and set-off, the error is cured.

5. ADMISSIONS—*In Criminal Cases Not Applicable to Civil Cases.*— Decisions in criminal cases to the effect that admissions alone are not sufficient to convict without proof of the *corpus delicti* are not available in civil cases.

**Administration of Estates.**—Claims in probate. Appeal from the Circuit Court of St. Clair County; the Hon. MARTIN W. SCHAEFER, Judge, presiding. Heard in this court at the February term, 1901. Affirmed. Opinion filed September 4, 1901.

C. E. CHAMBERLIN and TURNER & HOLDER, attorneys for appellant.

HAMILL & BORDERS, attorneys for appellee.

MR. JUSTICE WORTHINGTON delivered the opinion of the court.

Oliver R. North died December 5, 1887, aged eighty-four years. For some time before his death he had made his home with appellant, who was his nephew. John E. North, the son of appellant, was appointed administrator. Appellant filed, in the County Court, a claim embracing many items, the first of which was dated September 1, 1890, and the last December 5, 1897, amounting in all to $3,426.30, and upon which he gave a credit in one item, without date, of $2,414, for "cash reserved at various times." The claim was not contested, and was allowed for the difference between these amounts, namely, $1,012.30. Subsequently the heirs of Oliver R. North moved to set aside the order allowing the claim and to remove the administrator. This motion was granted, and the allowance of the claim set aside, the administrator removed, and appellee, public administrator of St. Clair county, was appointed in his stead. By agreement of parties, the case was then transferred to the Circuit Court of said county, where a written plea of set-off for $2,500 was filed by the administrator. The case was tried by a jury and a verdict rendered in favor of the estate upon the plea of set-off for $1,942.50, upon which verdict judgment was entered and an appeal taken by appellant.

Appellant assigns for error the admission of evidence showing the removal of John E. North as administrator and the setting aside the allowance of the claim by the County Court. The abstract discloses neither objections nor exceptions to the introduction of this evidence. This assignment of error will therefore not be considered. Gibler v. City of Mattoon, 167 Ill. 22; Strohn v. People, 160 Ill. 582; Superior Lumber Co. v. Tracy, 78 Ill. App. 552.

The form of the judgment entered was, "that the defendant, the estate of Oliver R. North, deceased, have and recover, etc," instead of "the defendant, Louis Zerwick, administrator, etc." No objection having been taken to the form of judgment, and error not being assigned on account of it, this technical informality is not before this court for review. Counsel for appellant, in their brief, argue that the statute of limitations runs against the set-off. There is nothing in the record to indicate that the statute was in any way interposed as a defense in the trial court. There was a written plea of set-off filed in said court, and while it may have not been necessary to formally plead the statute of limitations in writing, written pleadings not being required on appeal from the County Court, still the statute must have been in some way interposed in the trial court. It can not for the first time be relied upon in an Appellate Court. Bruce v. Doolittle, 81 Ill. 104; Borders v. Murphy, 78 Ill. 87; Barstow v. McLachlan, 99 Ill. 646.

No instructions were given except as to forms of verdict.

Appellant assigns these for error, claiming that they invade the province of the jury by assuming that there was a set-off. The first instruction is not accurately drawn and is to some extent open to this criticism; but when all are taken together, we do not think that they contain prejudicial error. There was a plea of set-off on file and before the court and jury. When fairly considered, the instructions recognize this fact only, and leave to the jury to decide the issues on both claim and set-off. In addition to this, appellant's copy of account filed gives credit for

North v. Zerwick.

$2,414, thereby admitting this amount of money received, which is in substance the set-off claimed.

It is also urged that there was no evidence to sustain the plea of set-off, and therefore the instructions should not have been given.

Two witnesses testified that they heard appellant, within eighteen months of the death of Oliver R. North, admit that he owed him $2,300. One of these witnesses, the daughter of appellant, testifies that a year or so before the death of Oliver R. North she frequently urged her father to have a settlement with the deceased, and that he counted up $2,300 that he owed him, and said that at his death he would make out a bill to cover the estate. She also testifies to his admission that $1,000 was borrowed money. Appellant testified to having received $114 from the deceased in October, 1896, preceding his death in December of that year. There was evidence then, warranting the forms of verdict given in the instructions which recognized the plea of set-off. Appellant introduced no evidence to prove any items of his account of dates preceding eighteen months before the death of the deceased. The only evidence introduced by him was to prove what it was worth to board and care for the deceased in his feeble condition for these eighteen months. Witnesses varied in their estimates from $3.50 to $5 a week for board, washing, etc. One witness thought it was worth $10 a week to take care of the deceased, owing to his helpless condition. Under this lack of evidence to prove appellant's account antedating eighteen months preceding Oliver R. North's death, with the testimony of the two witnesses to appellant's oral admission of $2,300 indebtedness, together with his evidence of receiving $114 from him in October, 1896, coupled with the credit for " cash received at various times," we can not say that the jurors were not warranted in returning their verdict for the amount fixed by them.

The references to decisions in criminal cases to the effect that admissions alone are not sufficient to convict without proof of the *corpus delicti*, are not applicable to civil cases. Judgment affirmed.