## Wilhelmina Deuterman v. Minnie Ruppel.

1. DEPOSITIONS—*In Support of Claims Against Estates.*—In taking a deposition in support of a claim filed against an estate, it is not necessary to notify every person who has an ultimate interest in the distribution of the property. It is sufficient to notify the executor and any other person who may have appeared to resist the claim. The executor as to the personal estate represents all parties in interest, unless such other parties in interest have personally appeared.

2. SAME—*Subsequent Parties Bound by Prior Depositions.*—One who on his own application is allowed to appear after depositions have been taken, is bound by the depositions already taken, although he is entitled to further cross-examine witnesses whose depositions have been taken, if he applies for that permission.

3. ADMISSIONS—*Of Deceased Persons.*—The admissions of a deceased testatrix that she had money belonging to others, and the fact that she enjoined upon her friends to see that they received this money from her estate, are competent to bind her, and to bind those who took under her will, or who would otherwise be entitled to inherit from her.

Deuterman v. Ruppel.

**Appeal from Order of Probate Court.**—Appeal from the Circuit Court of LaSalle County; the Hon. CHARLES BLANCHARD, Judge presiding.  Heard in this court at the April term, 1902.  Affirmed.  Opinion filed July 18, 1902.

FRED T. BEERS, attorneys for appellant.

D. B. SNOW, attorney for appellee; D. C. TAYLOR, of counsel.

MR. JUSTICE DIBELL delivered the opinion of the court.

Mrs. Minnie Ruppel filed a claim against the estate of Elizabeth Schneider, deceased, in the Probate Court of LaSalle County.  The claim was there contested by the executor, and upon a trial it was allowed in the sum of $2,000, as of the sixth class.  Thereupon one claiming to be a residuary legatee under the will of Elizabeth Schneider appeared, and prayed for and perfected an appeal to the Circuit Court.  She is named Hermina Deuterman in the appeal bond from the Probate Court, and Wilhelmina Deuterman in the appeal bond from the Circuit Court.  At the close of the plaintiff's proofs in the Circuit Court, Mrs. Deuterman asked the court to instruct the jury to find no cause of action.  This was denied.  The defendant offered no testimony.  Thereupon the court at the request of claimant gave an instruction directing the jury to find for claimant in the sum of $2,000.  Such a verdict was returned.  Motions by Mrs. Deuterman for a new trial and in arrest of judgment were denied.  Judgment was then rendered against the estate for the payment of said claim as of the sixth class, in the due course of administration, in the sum of $2,000.  The costs were adjudged against Mrs. Deuterman.  She appeals.

Appellant argues the Probate Court did not have jurisdiction of this claim, and that it could only be established by a bill in equity.  The claim is based upon these alleged facts : that Michael Schneider died leaving a last will, by which, after disposing of his real estate, and two legacies of $5 each, he gave $2,000 to his wife, Elizabeth Schneider, for her use and benefit during her natural life, and at her

death said $2,000 to go in equal parts to John Newberg, Jr., and Minnie Newberg, the children of his brother-in-law, John Newberg, Sr., of St. Louis county, Missouri; and in said will he directed that at the death of his wife said $2,000 be paid to said John and Minnie, and that in case of the death of either one of them without issue surviving, then said $2,000 be paid to the other one of said children, further provision being made for the distribution of said $2,000, if both John and Minnie died without issue before his wife, Elizabeth; that by said will he bequeathed the rest of his personalty to his wife, Elizabeth, and appointed her sole executrix; that Michael Schneider died possessed of an estate; that said will was admitted to probate in the County Court of Bureau County, Illinois, wherein Michael Schneider resided; that no letters testamentary or of administration were ever taken out, but said estate passed into the hands of Elizabeth Schneider without administration; that she received more than $2,000 from his estate, and that at her death she left more than $2,000 in cash, and more than that sum in good outstanding notes, and real estate worth more than $2,000, so that at her death she had on hand abundant funds to answer said claim; that John Newberg, Jr., died without issue before Elizabeth Schneider; and that Mrs. Minnie Ruppel, the claimant, is the Minnie Newberg named in said will.

In our judgment the facts so alleged, if proved, establish a money demand in favor of Mrs. Ruppel against the estate of Elizabeth Schneider of the sixth class, as provided by section 70 of the administration act, which covers cases " where the decedent has received money in trust for any purpose." If the facts alleged are proved, Mrs. Schneider received $2,000 in trust, for her own use and benefit during life, and to pay the principal sum at her death to John Newberg and Minnie Newberg, or to the survivor, if one of them died without issue before Elizabeth Schneider. The court therefore properly denied appellant's motion to dismiss the claim for want of jurisdiction.

Before the trial in the County Court claimant took dep-

ositions in Missouri.   After the appeal to the Circuit
Court claimant took a deposition at Princeton, Illinois, and
took depositions at Peru, Illinois.   Appellant argues that
she moved to suppress these depositions, that the court
denied such motion, and erred in so doing.   None of these
matters are embodied in the bill of exceptions in this cause,
and therefore they are not presented by this record for our
decision.   The depositions themselves appear in the bill of
exceptions where offered in evidence, together with certain
objections then interposed, and the ruling of the court
thereon.   The clerk has also set out the depositions *in
extenso* in the transcript prepared by him, together with
alleged motions in writing by appellant to suppress them,
and written points upon said motions, and an affidavit
against and an affidavit in support of said depositions, the
denial of said motions, and appellant's exceptions to those
rulings.   It is not the province of the clerk to certify to
such matters.   That can only be done by the presiding
judge in a bill of exceptions.

We have, however, considered the motions embodied by
the clerk in his record.   The only ground alleged for sup-
pressing the Missouri depositions is that they were taken
upon a stipulation between claimant and the executor, and
without notice to appellant.   Appellant had not then
appeared in the case.   We can not accede to the proposi-
tion that a residuary legatee who first appears in resistance
to a claim after it has been allowed in the Probate Court,
and appeals from that order, thereby destroys depositions
previously taken in compliance with the law.   In taking
a deposition in support of a claim filed against an estate,
it is not necessary to notify every person who has an ulti-
mate interest in the distribution of the property.   It is suf-
ficient to notify the executor and any other person who
may have appeared to resist the claim.   The executor, as
to the personal estate, represents all parties in interest,
unless such other parties in interest have personally
appeared.   One who is not a necessary party to a suit, but
who on his own application is allowed to appear after dep-

ositions have been taken, is bound by the depositions already taken, although he is entitled to further cross-examine witnesses whose depositions have been taken, if he applies for that permission. Bruner v. Battell, 83 Ill. 317; Kingman v. Higgins, 100 Ill. 319; Whittaker v. Whittaker, 151 Ill. 266. As appellant was not a necessary party to this proceeding but was allowed to come in at her own request after the Missouri depositions were taken, and as she did not ask leave to further cross-examine said witnesses, who were cross-examined by the executor so far as he thought necessary, we are of opinion she has no ground to complain that the court did not suppress the Missouri depositions. Again, the sole object of the Missouri depositions was to prove that claimant is the Minnie Newberg named in the will of Michael Schneider, and that her brother John died without issue before Elizabeth Schneider's death; and appellant's briefs practically concede this to be the fact. The motion to quash the Princeton deposition is based upon the ground that it was returned to the clerk of the Probate Court instead of being returned to the clerk of the Circuit Court. The probate clerk filed it, and then discovering his mistake, erased his file mark, and handed the deposition to the circuit clerk. It is not claimed that it was in any way tampered with or that appellant was injured by this mistake. Moreover, the fact sought to be proved by said deposition, namely, that an examination of the records of the office of the clerk of the County Court of Bureau County did not disclose the issue of any letters testamentary or of administration upon the estate of Michael Schneider, deceased, and that no administration of said estate could be found in the records of said court, was also proven by the oral testimony of F. E. Hoberg, who made a personal examination of said records, and testified to that effect; and the lack of administration is not denied. Appellant was therefore not harmed by the refusal to suppress that deposition. The motion to suppress the Peru depositions was based upon the ground that no affidavit for said depositions was filed with the clerk of the Circuit Court,

Deuterman v. Ruppel.

and no *dedimus* to take the same was issued by said
clerk.  Said depositions were taken before a stenographer
as commissioner.  The certificate of the commissioner
shows that they were taken before said commissioner by
agreement of the parties, that the oaths were administered
by a notary public, and that the signatures of the witnesses
were waived.  Appellant's attorney was present, and the
depositions were preceded by a stipulation between coun-
sel for claimant and for appellant.  It is not signed, and
was evidently dictated to the stenographer.  Appellant in
her motions to suppress, and in her objections at the trial,
and in her briefs here, relies upon said stipulation, so that
it is evidently binding upon the parties, though not signed.
It waived objection for want of notice, and agreed that all
objections as to form or substance by appellant might be
reserved to the hearing and considered by the court as
if the witness had testified in open court and the objections
had then been interposed.  The depositions having been
so taken by the consent and agreement of the parties, and
under such stipulation, we are of opinion appellant can not
now be heard to say that an affidavit should have been filed
and a *dedimus* issued, as if no agreement had been made.
Pickard v. Bates, 38 Ill. 40.  The objections reserved were
only such as could have been considered if the witness had
testified in open court.  Appellant also, according to the
clerk's transcript before referred to, filed a motion to sup-
press each question and each answer in each of the Peru
depositions on seven grounds alleged, which were, in sub-
stance, that the questions and answers were incompetent,
that the answers were hearsay, that the questions called
for secondary evidence for which no foundation had been
laid, and were leading and suggestive, and the answers
not responsive.  These objections, so far as relied upon,
were renewed at the trial, and will be discussed in that
connection.  No reversible error was committed in over-
ruling the motion to suppress the Peru depositions, if that
motion had been properly preserved in the bill of exceptions.

At the trial claimant offered in evidence a copy of the

will of Michael Schneider, with two certificates attached,
the first of which was entitled, "In the County Court of
Bureau County, of the July term, 1896," signed by the
clerk of that court, and the body of said certificate was
as follows:

"The foregoing instrument in writing was duly admitted
to probate as and for the last will and testament of the
within named Michael Schneider, deceased, this 27th day
of July, A. D. 1886, in the County Court of said Bureau
County."

The second certificate was by the county clerk of said
county, under his official seal, dated the 31st day of October,
A. D. 1899, and certified "that the annexed instrument in
writing is a true copy of the last will and testament of
Michael Schneider, deceased, as proven and admitted to
record in said court on the 27th day of July, A. D. 1886, as
appears from the records of said court in my office." It is
argued the court erred in admitting this evidence, because
not accompanied by the order of the County Court admitting
said will to probate. It is a sufficient answer to say no such
objection was made, and if it had been it could have been
overcome by presenting the order of probate. This precise
question was presented and ruled adversely to appellant's
contention here, in Calumet, etc., Dock Co. v. Morawetz,
195 Ill. 398, except that the certificate to the will in that
case did not state that it had been admitted to probate as
appeared from the records in the office of the certifying
clerk, as is stated in the certificates attached to the will
here in question. The objection interposed when the will
of Michael Schneider was offered was only that the evidence
was incompetent. This could not be understood to mean
that the objector claimed a proper foundation had not been
laid, or that the will was not accompanied by an order
admitting it to probate, but only that the will of Michael
Schneider was not competent evidence to establish a claim
against the estate of Elizabeth Schneider. Evidently it was
competent as one of the items in the chain of evidence tend-
ing to establish that Elizabeth Schneider received $2,000,
the principal of which she was bound to hold in trust for

Deuterman v. Ruppel.

John and Minnie Newberg and the survivor of them, Mrs. Ruppel. The objection to the competency of the instrument was properly overruled and no other objection was made. This will was offered in evidence immediately after the opening statements by counsel for the respective parties, and appellant has seen fit to embody those statements in the bill of exceptions. From those statements it appears that appellant's attorney stated to the jury that her contention in the matter was that Elizabeth Schneider " never received the money that Michael Schneider directed should be paid over to these children," and also that appellant's attorney said in the last sentence he uttered before this will was offered, " unless you are satisfied in your own minds that Elizabeth Schneider did actually receive this money that Michael Schneider directed in his will a great many years ago she should have the use of, then it will be your duty to find against the Ruppel claim." This statement so preserved by appellant in her record directly following appellee's statement to the jury of the contents of the will, amounted to an admission by appellant that Michael Schneider did make a will in favor of appellee as here claimed.

The witnesses whose depositions were taken at Peru were Germans; many of them were but slightly acquainted with the English language, and they used uncouth and ungrammatical expressions. Claimant's counsel, in order to make the meaning of the witnesses clear, sometimes asked questions leading and suggestive in their character. We are unable to see that any substantial harm was done appellant, or that any witness was led to say anything he or she did not intend. Appellant's counsel was present, and if any witness had made a statement not intended, he could have shown that fact by cross-examination. If the court might properly have sustained objections to a few of the questions as leading and suggestive, still appellant was not harmed, for this further reason; nothing in the answer so obtained misled the jury, for they did not decide the case upon the evidence, but were directed by the trial judge to render the verdict which they did. Moreover, in a case

like this, where the witnesses seem to have difficulty in expressing themselves in correct English, the use of interrogatories that are in a measure leading is sometimes necessary and proper. Eliminating all testimony elicited by any question of a leading or suggestive character, and an examination of all the depositions taken at Peru shows that it was proved by proper and competent evidence that Michael Schneider was possessed of a considerable personal estate, consisting largely of money loaned out; that his wife received from his estate at his death a sum largely in excess of $2,000; that she repeatedly admitted that she had received $2,000 from his estate, which at her death belonged to John and Minnie Newberg; that she derived her property not from her first husband, but from Michael Schneider; that in the closing weeks of her life she repeatedly told her friends that she had $2,000 that belonged to John and Minnie Newberg at her death, and enjoined upon them to see that the Newberg children received this money from her estate. This testimony as to her admissions and declarations was competent to bind her, and to bind those who took under her will, or who would otherwise be entitled to inherit from her. It is true John Newberg, Jr., was dead before she made these statements, but she evidently did not know that fact. The competent testimony permitted no other decision than the allowance of the claim in full. Appellant did not seek to controvert any of this proof. The jury could not have rendered any other verdict. The court properly directed the verdict. Appellee's claim, as filed, asked also for interest on the $2,000 from the date of the death of Elizabeth Schneider. Both the probate and circuit courts rejected the claim for interest, and no cross-errors have been assigned.

Appellee has moved for an allowance of damages in this court on the ground that the appeal was taken for delay. We are not satisfied that the appeal was prosecuted merely for delay, and that motion will therefore be denied. The judgment is affirmed.