## William K. Schell, Administrator, v. Elias Weaver.

### Gen. No. 4,634.

1.  ADMISSIONS—*when competent against decedent's estate.* Admissions by an intestate made understandingly and deliberately, testified to by a truthful witness of good memory, are admissible and constitute competent evidence to bind the estate of such party.

2.  STATUTE OF LIMITATIONS—*upon whom burden rests to establish.* The plea of the Statute of Limitations is affirmative in character and its establishment by proof must be made by the party urging it.

3.  STATUTE OF LIMITATIONS—*what sufficient consideration to sustain new promise to pay and to remove bar of.* The original debt is a sufficient consideration and will sustain a promise to pay a debt otherwise barred by the Statute of Limitations.

4.  PROPOSITIONS OF LAW—*upon what must be predicated.* Propositions of law are properly refused where not predicated upon any evidence in the case and which do not reflect any issue thereof.

5.  PROPOSITION OF LAW—*cannot be in the nature of a demurrer to the evidence.* A proposition of law is properly refused which is in form as follows: "that the plaintiff is not entitled to recover in this case": this for the reason that propositions of law should present questions of law pure and simple and should not be, as this one was, mere statements of a conclusion of law and fact to be decided both from the evidence and from the law.

Contested claim in court of probate. Appeal from the Circuit Court of Carroll county; the Hon. RICHARD S. FARRAND, Judge, presiding. Heard in this court at the April term, 1906. Affirmed. Opinion filed July 17, 1906.

Fred Zick, for appellant.

Ralph E. Eaton, for appellee.

Mr. Justice Thompson delivered the opinion of the court.

Appellee filed his claim at the May term, 1905, of the Probate Court of Carroll County against appellant, administrator of the estate of Thomas T. Schell, deceased. The claim filed was for $1,216.40, itemized as money loaned $985.50, interest on same at five per cent., $230.90. The Probate Court on a trial found against claimant. The case was taken to the Circuit Court of said county and a jury being waived, upon a hearing before the court, a judgment for $1,200 was rendered in favor of claimant against said estate.

Appellant insists there was no evidence upon which to base the judgment, and that the court improperly admitted evidence of statements or admissions of the deceased, Thomas T. Schell, made to one Charles F. Michael. Claimant offered himself as a witness, and objections being made, was not permitted to testify, and the only evidence of importance in the case is that of the witness, Michael. Michael testified that he was a farmer, forty-five years of age, and that he resided at first eight, then twelve and fourteen miles from Schell; that he had known Elias Weaver twenty years and Thomas T. Schell twenty-five years; that Schell had come to Michael's farm and hired Weaver in 1889 or 1890, when Weaver was staying with him; that in the latter part of May or first of June a year ago last May or June he met Schell on the sidewalk north of Evans' Lumber Office in Milledgeville. "He shook hands with me and asked me whether I knew where Elias Weaver was. I said 'I don't know.' He said, 'Well he gets to your place off and on and I thought you would know where he was.' I said he left my place last September and I suppose he is in Pennsylvania somewhere. He said 'I would like to know

where he is. I owe him $1,000 borrowed money and some interest, about $200. I am ready to pay it and would like to settle with him.' He said 'I want to know where he is real bad.' I said 'You can find out by writing to Cumberland County, Pennsylvania, where he has some brothers and sisters living.' He said he had about $3,000 from him and had paid it all but the $1,000 and $200 interest.'' Michael also testified that Weaver was assessed for $7,000 or $8,000 and that he was a laboring man working for farmers around there and loaning out his money. The only other evidence was that Schell died August 5, 1904, and that Weaver was in Pennsylvania from August 25, 1904, to April 1905. It was also developed on the trial that Michael was not an agent of Weaver and had no interest or authority in the matter.

Whether the foregoing evidence was properly admitted, and whether it justified the court in rendering a judgment for claimant, are the two vital questions in this case. The judge saw the witness and could judge of his truthfulness. Admissions by an intestate, made understandingly and deliberately, testified to by a truthful witness of good memory, are admissible and competent evidence to bind an estate (Dieterman v. Ruppell, 103 Ill. App. 106; North v. Zerwick, Admr., 97 Ill. App. 306; Ginders v. Ginders, 21 Ill. App. 522); and such evidence may be most satisfactory (Northwestern Ry. Co. v. Button, 68 Ill. 409; Mauro v. Platt, 62 Ill. 450); and judgment may be recovered on admissions alone. North v. Zerwick, Admr., *supra.*

It is claimed the judgment is for a larger amount than the amount of the claim filed. The claim filed was for $1,216.40, while the judgment is only for $1,200, so this point will be passed by with the observation that the claim as filed was for the amount due May 10, 1905, and the judgment was not rendered until August.

Appellant insists that the claim was barred by the

Statute of Limitations, and that the burden of show-
ing that it was not barred was upon claimant. While
it is true there were no written pleadings in the Pro-
bate Court, the same rules as to the burden of proof
control and govern the trial as in a suit begun in the
Circuit Court. The plea of the Statute of Limitations
is an affirmative plea and the party alleging it must
prove it, unless such proof is made by plaintiff.
Haines v. Amerine, 48 Ill. App. 570. There was noth-
ing in this case to show when the cause of action ac-
crued, and until that fact was made to appear in some
way, and that the claim was barred, claimant did not
have to meet that proposition. If the claim had proved
to be barred by the statute, then it would become neces-
sary to prove a new promise, either to claimant or
to an authorized agent.

The propositions of law marked "held" by the trial
court announced the principles of law heretofore
stated in this opinion, and it is unnecessary again to
review them.

Appellant complains of the refusal of his second
proposition of law: "That a promise to pay or an ad-
mission of indebtedness without any consideration is in-
valid." If this was intended to state that a promise to
revive an indebtedness against the Statute of Limita-
tions must have a consideration, then the original in-
debtedness would be a sufficient consideration if the
promise is made to the creditor or an authorized agent,
or if it is sought to test the question of the admissibility
of a debtor's admissions as evidence, then it has been
shown that such admissions are competent evidence
and the proposition was properly refused.

The third, sixth, seventh and eighth refused propo-
sitions of law are respectively concerning "an account
stated," "a presupposition of better evidence," "a
note or written agreement," and "an oral agreement
as to interest, not to be performed within a year."
There was no evidence in the case upon which to base

any of these propositions. Interest was claimed, but it was legal interest given by statute; not interest by agreement. The propositions were not applicable to the case, would not aid the court in its decision of any question involved, and there was no error in refusing them.

The tenth proposition asked by appellant is: ''That the plaintiff is not entitled to recover in this case.'' This is not a question of law, but a conclusion of law and fact to be decided from the evidence and the law. It is in the nature of a demurrer to the evidence. It raises the question of the sufficiency of the evidence to sustain the finding for claimant (First National Bank v. Northwestern Bank, 152 Ill. 296; Gilbert v. Sprague, 196 Ill. 444) and was properly refused.

Finding no error in the case, the judgment of the Circuit Court is affirmed.

*Affirmed.*