## Samuel E. Gross et al. v. J. H. Parker et al.

### Gen. No. 13,568.

MASTER'S DEED—*what bill to restrain issuance of, should show.* A bill to nullify a decree of foreclosure, to remove it as a cloud, and to restrain an issuance of a master's deed pursuant to a certificate issued as a result of the proceedings in question, must show by the averments of facts a meritorious defense to the action in which the decree complained of was rendered.

Bill for injunction, etc. Appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding. Heard in this court at the March term, 1907. Affirmed. Opinion filed December 2, 1907.

Statement by the Court.    The appellants, Samuel E. Gross and Emily Gross, his wife, filed a bill March 27, 1906, against J. H. Parker and others, in which bill it is averred in substance as follows:

Samuel E. Gross was, on May 4, 1904, and ever since has been the owner of an undivided three-fourths of lot 10, block 4, in S. E. Gross' Boulevard Addition to Chicago, and during all of said time has been and now is in the open and visible possession of said premises. May 4, 1904, J. H. Parker, Francis Peabody and James L. Houghteling, successor in trust, filed their bill in the Circuit Court of Cook county, representing that about September 15, 1902, one Homer E. Gross made a promissory note payable to the order of himself for the sum of $1,900, five years after date, with interest at six per cent. per annum, payable semi-annually, and indorsed and delivered to said Parker said note and the interest coupon notes, and to secure the payment of said note and interest he executed to Francis B. Peabody, as trustee, a trust deed conveying said premises, which was recorded September 16, 1902. In said bill it was represented that Homer E. Gross had failed to pay certain interest coupons when due, and that Parker, exercising his right under said trust deed, elected to declare the principal sum of $1,900 due. The bill prayed an accounting, etc. Summons issued May 4, 1904, returnable to the June term 1904 of the Circuit Court, which was returned indorsed as follows:

"Served this writ on the within named defendants, Samuel E. Gross and Emily Gross, his wife, by leaving a copy thereof for each of them at their usual place of abode with a servant, who refused to give her name, member of their family, a person of the age of ten years and upwards, at the same time informing her of contents thereof, this 5th day of May, 1904.

THOMAS E. BARRETT, Sheriff.
By EMIL HOECHSTER, Deputy."

The person referred to in said return, as the person

with whom a copy of the summons was left, was not at said time, and never has been, a member or person of complainants' family, and has never resided with complainants or either of them.

On June 16, 1904, the following affidavit was filed in said cause:

"STATE OF ILLINOIS, } ss.
    Cook County. }

IN THE CIRCUIT COURT OF COOK COUNTY.
IN CHANCERY.

J. H. PARKER *et al.* ⎫
          v.          ⎬ G. N. 251259.
HOMER E. GROSS *et al.* ⎭

Edmond McMahon, being duly sworn on oath, deposes and says that he is the solicitor for the complainants in the above entitled cause; that the defendants, Samuel E. Gross and Emily Gross, have both gone out of this State, so that process can not be served upon them or either of them; that the place of residence of both of said defendants is northwest corner of Lake Shore Drive and Division street, in Chicago, Cook County, Illinois.

                                        EDMOND McMAHON.

Subscribed and sworn to before me this 14th day of June, A. D. 1904.

                              MARION A. HELY,
      [SEAL]                     Notary Public."

Complainants state on information and belief, that, on filing said affidavit, complainants caused publication to be made, purporting to give complainants notice of the pendency of said suit and the time and place of the return of summons. At the time of filing. said bill and thence hitherto, and for many years prior to the filing of said bill, complainants resided continuously at number 48 Lake Shore Drive, in Chicago, Cook county, Illinois, and, at the time of filing said affidavit, neither of complainants had gone out of this state so that process could not be served on them,

all of. which was known to the complainants in said cause, their agents and attorneys. October 27, 1904, an order defaulting complainants, and taking said bill for confessed as against them, was entered in said cause. November 15, 1904, a decree was rendered in said cause finding due to said Parker the sum of $2,197.25, and decreeing that if the same should not be paid within fifteen days, said premises should be sold. December 3, 1904, by an amendment of said decree, William F. Wiemers was appointed commissioner to make the sale, and he sold said premises at public sale January 28, 1905, to said Parker for the sum of $2,322,13, and, as such commissioner, issued to Parker a certificate of sale, as by the statute provided, and recorded, within the time provided by law, a copy thereof in the recorder's office of Cook county. February 1, 1905, an order confirming the sale was entered in the cause. No service of process was made on complainants or either of them, as by statute is provided, and all proceedings in said cause subsequent to the filing of the bill are void. Parker and his solicitor have threatened to cause a deed to be issued on said certificate, and Wiemers is about to issue a deed on the application of said solicitor. Parker owns the certificate, which is now in the possession of Peabody, Houghteling and McMahon, Parker's agents. Said decree and sale constitute a cloud on the title of Samuel E. Gross and on the interest of Emily Gross in said premises.

The prayer of the bill is that all proceedings had in said cause, in which Parker and others were complainants, after October 25, 1904, may be declared void and set aside as a cloud on complainants' title, and for an injunction. The bill is verified by the affidavit of William J. Moore, as agent of complainants.

Appellees demurred to the bill and the court sustained the demurrer and dismissed the bill for want of equity.

THOMAS E. D. BRADLEY, for appellants.

No brief filed by appellees.

MR. JUSTICE ADAMS delivered the opinion of the court.

So far as appears from the statements in appellants' bill, the record in the cause in which J. H. Parker and others were complainants and appellants and others were defendants, is, on its face, free from error, and the decree is valid. It does not appear from the bill in this case that appellants or either of them had any defense to the foreclosure suit. For anything appearing in their bill, the decree in the foreclosure suit would have been the same as it is had appellants appeared in the suit and answered.

It is averred in the bill that appellant Samuel E. Gross was, at the time of the execution of the trust deed, the owner of an undivided three-fourths of the premises; but it is not averred that the legal title was not in Homer E. Gross, who executed the trust deed, or that such execution was unauthorized by Samuel E. Gross, or was without his knowledge or consent. It is not claimed that there was any fraud in the execution of the trust deed, or that the decree was for too large an amount, or was different from what it would have been had appellants defended. Neither is it averred that appellants have lost any right or suffered any loss by the decree or the proceedings subsequent thereto. The sole ground on which appellants rely to have the decree set aside and vacated is, that they were not, in fact, served with process, as provided by law. We must presume, in the absence of a showing to the contrary, that if appellants were now to be let in to defend the foreclosure suit, the result would be the same as it was. The bill, in praying that the decree be set aside, is, as we think, analogous to a motion to set aside an order defaulting a defendant, and taking the bill *pro confesso,* and to a motion to vacate

a judgment by confession, and the bill must show a meritorious defense to the foreclosure suit.

In Whittaker v. Whittaker, 151 Ill. 266, where the defendant, on petition under section 19 of chapter 22 of the Revised Statutes, was allowed to defend, the court say, *ib.* 271, that the burden was on the defendant to show that the decree against him should not have been made. In motions to set aside defaults at law, the defendant is always required to show by affidavit, facts constituting a meritorious defense. Judgments by confession, in pursuance of a warrant of attorney, where the debtor is not required to be served with process, are very summary proceedings, yet such a judgment will not be set aside unless on a showing, by affidavit, of a meritorious defense.

In Packer v. Roberts, 140 Ill. 9, the appellant made a motion to vacate a judgment against him by confession, in respect to which the court say: "Such a motion appeals to the equitable jurisdiction which courts of law exercise over judgments by confession. (Hier v. Kaufman, 134 Ill. 215.) Where such equitable jurisdiction is invoked, a judgment by confession will not be set aside for such objections as are here urged without showing equitable reasons. Rising v. Brainard, 36 Ill. 79; Knox v. Winsted Bank, 57 *id.* 330; Hansen v. Schlesinger, 125 *id.* 230. No such equitable reasons are shown in the present case. It is not claimed that the note was not given for a good and valuable consideration, or that the debt for which judgment was entered was not a just debt and honestly due, or that there was any defense to the note upon its merits." Other cases to the same effect might be cited. In Colson v. Leitch, 110 Ill. 504, Colson, who had recovered a judgment against Leitch, on which an execution had been issued and returned "no property found," filed a creditor's bill against Leitch to enforce the judgment, and Leitch filed a cross-bill praying that the judgment be enjoined on the sole ground

that he was not actually served in the suit in which the judgment was rendered, although the return of the summons showed service on him. The trial court dismissed Colson's bill and granted the relief prayed by Leitch's cross-bill, and the Appellate Court affirmed the decree. But the Supreme Court reversed the decree, saying, among other things: "In our opinion the weight of common law authority is, that a court of equity will not enjoin a judgment at law where there has been no service; unless it is alleged and proved that, if the relief be granted, a different result will be obtained than that already attained by the void judgment." *Ib.* 508. See, also, Hier v. Kaufman, 134 Ill. 215, 225, and Cassem v. Brown, 74 Ill. App. 347.

No attempt is made by the bill in the present case to show that the foreclosure decree would be different on another hearing. The decree will be affirmed.

*Affirmed.*