(105 So. 273)

No. 26204.

## BOYER v. WYSINGER.

(June 22, 1925. Rehearing Denied July 13, 1925.)

*(Syllabus by Editorial Staff.)*

Divorce ⊙⇒161—Bill to set aside judgment of divorce for fraud held not supported by requisite degree of proof.

In suit by wife to annul divorce entered on default, evidence of fraud of husband in stating that wife need pay no attention to his suit because he had dropped it, and evidence of alleged reconciliation between them shortly before rendition of judgment, *held* not to sustain bill by proof of fraud by clearest and most satisfactory evidence.

Appeal from Civil District Court, Parish of Orleans; Wm. H. Byrnes, Judge.

Suit by Pearl Wysinger against Oscar J. Boyer to annul a judgment of divorce. Judgment for plaintiff, and defendant appeals. Judgment set aside, reversed, and remanded, with directions to dismiss.

F. B. Davenport and E. M. Robbert, both of New Orleans, for appellant.

H. W. Robinson and Howell Carter, Jr., both of New Orleans, for appellee.

LAND, J. On February 24, 1920, Oscar J. Boyer instituted suit against his wife, Pearl Wysinger, for an absolute divorce, charging acts of adultery committed by her with one Hays during the months of October, November, and December, 1918, at the matrimonial domicile, No. 1951 Gravier street, in the city of New Orleans, and more particularly at a house of assignation on or about November 20, 1918. A copy of the petition was served personally on defendant on March 11, 1920. No answer having been filed by defendant, default was entered March 28, 1920, 17 days after service.

On April 8, 1920, 11 days after default, and 28 days after service and citation, judgment was rendered in favor of plaintiff and was signed April 14, 1920.

This judgment was rendered by Hon. Val J. Stentz, Judge ad interim, after hearing the testimony of three witnesses, named in the record, whose testimony was not taken down in writing.

On November 28, 1922, 2 years 7 months and 14 days after final judgment, the defendant, the divorcee, instituted the present suit in the civil district court for the parish of Orleans to annul the judgment of divorce upon the grounds that plaintiff practiced a fraud upon her by stating that he had dropped the suit for divorce, and that she need pay no attention to it, nor would she have to appear in court to defend same.

Plaintiff alleges that, at the date of the filing of the suit for divorce, to wit, February 24, 1920, she and her husband were living separate and apart; that defendant prevailed upon her to return to him at the matrimonial domicile, No. 3425 Eagle street, in the city of New Orleans; that she returned on March 22, 1920; that plaintiff and her husband became reconciled on said date, and lived together as husband and wife until November 13, 1922; and that said reconciliation was in effect when the default was entered, and at the time the judgment of divorce was rendered and signed.

The judgment of divorce was annulled in the court below, and Oscar J. Boyer, plaintiff in the divorce proceedings, and defendant in the present action of nullity, has appealed.

The evidence, in our opinion, fails to establish with clear legal certainty, either the reconciliation of the parties or the fraud or ill practices charged in plaintiff's petition. While plaintiff and three of her witnesses swear that she was living with her husband on Eagle street from March 22, 1920, until November 13, 1922, the defendant and eight witnesses, including two of plaintiff's own

witnesses, testify that the defendant during all of this time boarded and lodged at the house of one Queenie Coleman, who resided on Iberville and Collipasa streets from March, 1920, until April, 1922.

The witnesses on both sides appear to us to be about equally credible, and the clear preponderance of the evidence, showing that there was no reconciliation, is in favor of the defendant.

Plaintiff swears to the alleged deception practiced upon her by defendant as to the discontinuance of the suit for divorce. Defendant denies the charge. The attorney for Boyer, plaintiff in the divorce suit, testifies that, after the judgment of divorce was obtained, he mailed two copies of the judgment, one to Oscar Boyer and the other to Pearl Wysinger.

Plaintiff denies receiving this copy. Defendant testifies, however, that plaintiff came back to the matrimonial domicile "with the divorce judgment in her hand," about the 2d of April, 1922, and that he refused to live with her as his wife. That this was the first time he had seen plaintiff after obtaining the divorce.

"A charge of fraud in obtaining a judgment of divorce must, in order to sustain a bill in equity to set it aside, be establishd by the clearest and most satisfactory evidence." Whittaker v. Whittaker, 151 Ill. 266, 37 N. E. 1017; Whiting v. Whiting, 114 Mass. 494; Holbrook v. Holbrook, 114 Mass. 568.

The above rule, requiring strict and clear proof of fraud in actions to annul judgments of divorce, is intended to protect the second marriages of divorced persons and the offspring of such unions, and is a rule founded in a wise public policy.

The evidence upon which plaintiff relies for the annulment of the judgment of divorce in this case is weak and unsatisfactory, in our opinion, and our conclusion is that the judgment of the lower court is erroneous.

The judgment appealed from is therefore set aside and reversed. It is now ordered that plaintiff's demands be rejected, and that plaintiff's suit be dismissed at her cost.