JOSEPH VIGNOS, Plaintiff in Error, *v.* HARRIET VIGNOS, Defendant in Error.

### ERROR TO MACOUPIN.

The marriage contract will not be dissolved for light and trivial causes; and parties should not be encouraged to ask for a divorce, unless they can show such a case as the law requires.
Unkind treatment, threats of personal violence, abusive language, and opprobrious epithets, without personal violence, do not constitute that degree of extreme and repeated cruelty which the statute requires, to authorize a decree of divorce for that cause.

THIS cause was heard before WOODSON, Judge, at September term, 1853, of the Macoupin Circuit Court.

The facts of the case will be found in the opinion of the court.

J. M. PALMER, for plaintiff in error.

W. WEER, for defendant in error.

CATON, J. The principles involved in this case are precisely like those decided in the case of Birkby v. Birkby, ante, 120, and must be decided in the same way. The complaint in the bill is cruelty on the part of the husband towards the wife; but the record does not show that degree of extreme and repeated cruelty which the statute requires, to authorize a decree for a divorce for that cause. That the husband was unkind in his

treatment, and tyrannical in his disposition, is most likely true, but there is no personal violence shown, unless it may possibly be inferred upon one occasion, when in bed together, she was overheard to request him not to kick her. Whether he had kicked her or did kick her the witness did not know, nor did the party state. He upon one occasion commanded her to make up a fire and get him some dinner, and reproved her harshly for talking with a neighbor passing by, in such a way as to evince a no doubt groundless jealousy on his part, and drove her from his house, to which she never returned. All this comes far short of what we conceive to be the requirements of the statute, to constitute extreme and repeated cruelty. The marriage contract should not be dissolved for light and trivial causes; and parties should not be encouraged by our decisions to come into court and ask for a divorce, unless they can show such a case as the law requires.

It is not enough that the parties do not live happily together. Threats of personal violence may have been used, and abusive language and opprobrious epithets, originating in a groundless jealousy; but this we cannot hold to be a sufficient ground for a divorce under our statute. The whole community is interested in maintaining the binding obligations of the marriage relation, and public policy forbids that it should be dissolved, even with the consent of the defendant, unless the actual facts shown to exist really justifies it, under the law. Such, we are clearly of opinion, is not the case here, and the decree of the circuit court must be reversed, and the suit remanded.

*Decree reversed.*