WILLIAM W. CHATTERTON *et al.* Appellants, *vs.* WILLIAM
A. CHATTERTON, Appellee.

*Opinion filed December 17, 1907.*

1. DIVORCE—*death of complainant before writ of error is sued
out does not destroy subject matter.* Death of the complainant in
a divorce suit before a writ of error to reverse the decree in her
favor was sued out does not destroy the subject matter of the suit
as respects the jurisdiction of the court of review.

2. SAME—*what is not essential to ,right to review divorce de-
cree after death of successful party.* It is not essential to the right
to review a decree of divorce upon writ of error after the death of
the successful party that it shall appear from the record of the
divorce suit that the deceased party left property in which the sur-
viving party will take an interest in the event of the decree be-
ing reversed.

3. SAME—*how parties and interests may be shown on writ of
error to review divorce decree after death of complainant.* Upon
a writ of error to review a decree of divorce after the death of the
complainant, it is proper practice to file in the court of review an
affidavit showing to whom the property of the deceased will pass
under her will and to make such persons defendants in error.

4. SAME—*when divorce decree is properly reversed without re-
manding.* A decree of divorce in favor of the wife upon the ground
of desertion is properly reversed, where the evidence preserved
fails to show that the desertion was willful or without reasonable
cause, as required by the statute; and in such case, if the complain-
ant in the suit is dead, no remandment of the cause is necessary,
as no further proceedings can be had in the trial court.

5. LACHES—*defense of laches does not apply to writ of error.*
The defense of *laches* has no application to a ,writ of error, since
the statute fixes the time within which such writ may be sued out.

APPEAL from the Appellate Court for the First District;—
heard in that court on writ of error to the Circuit Court of
Cook county; the Hon. R. S. TUTHILL, Judge, presiding.

On January 30, 1904, Martha S. Chatterton filed her
bill in the circuit court of Cook county against William A.
Chatterton, appellee herein, for divorce, on the ground of
desertion. At the February term, 1904, the summons hav-

231—29

ing been returned "not found," the appearance of the defendant was entered, in writing, by his solicitor, Francis W. Walker. Thereafter he was defaulted for failure to plead, answer or demur, and on March 24, 1904, evidence was taken on the part of the complainant and a decree of divorce was entered against the defendant adjudging him guilty of willful desertion, as charged in the bill. On January 21, 1905, Martha S. Chatterton died testate, and her will, in due course, was admitted to probate in Cook county and the Chicago Title and Trust Company was appointed executor thereof. On June 5, 1906, William A. Chatterton sued out of the Appellate Court for the First District a writ of error to review the record in the divorce suit. To that writ the defendants were the said executor, the legatees and devisees under the will of the deceased, (including William W. Chatterton, son and sole descendant of the deceased and a beneficiary under her will,) and Clarence Schneider, to whom it is alleged deceased had contracted to convey real estate. The Appellate Court reversed the decree of divorce but did not remand the cause. From that judgment of the Appellate Court William W. Chatterton, the son, and certain others of those who were defendants in error in the Appellate Court, have appealed to this court.

WHEELOCK, SHATTUCK & NEWEY, for appellants:

An action for divorce is a personal action and ceases with the death of either party. *Zoellner* v. *Zoellner,* 46 Mich. 511; *Nolan* v. *Dwyer,* 1 L. R. A. 551; *Kirschner* v. *Dietrich,* 110 Cal. 502; *Barney* v. *Barney,* 14 Iowa, 189.

The complainant in the divorce proceedings being dead the marriage status is forever destroyed, and therefore there was no subject matter of which a court of review could take jurisdiction. *Zoellner* v. *Zoellner,* 46 Mich. 511; *Barney* v. *Barney,* 14 Iowa, 189; *Nolan* v. *Dwyer,* 1 L. R. A. 551.

A writ of error will not lie to review a divorce proceeding where one of the parties is dead and the record fails to

disclose any property interests on the part of the survivor. *Barney* v. *Barney,* 14 Iowa, 189; *Zoellner* v. *Zoellner,* 46 Mich. 511; *Nolan* v. *Dwyer,* 1 L. R. A. 551.

Where a party has slept upon his rights and acquiesced in what has been done a court of equity will not lend its aid to enforce his demands. *Evans* v. *Woodsworth,* 213 Ill. 404; *Children's Home* v. *Varner,* 192 id. 594; *Whittaker* v. *Whittaker,* 151 id. 266; *Maher* v. *Title Guarantee and Trust Co.* 95 Ill. App. 365.

THOMAS M. HEADEN, (GEORGE I. HAIGHT, of counsel,) for appellee:

A writ of error may be sued out to reverse a decree for divorce after the death of the complainant or defendant. *Wren* v. *Moss,* 1 Gilm. 560, and 2 id. 72; *Danforth* v. *Danforth,* 111 Ill. 236; *Nolan* v. *Dwyer,* 1 L. R. A. 551, note; *Lawrence* v. *Nelson,* 57 id. 583, note.

In actions for divorce on the ground of desertion, the intention of the party absenting himself or herself is a controlling element and must be proven. *Kennedy* v. *Kennedy,* 87 Ill. 250; *Curlett* v. *Curlett,* 106 Ill. App. 81; *Moak* v. *Moak,* 48 Atl. Rep. 394.

On a reversal of a decree for divorce after the death of the complainant the case will not be remanded, as no decree could be entered in favor of a dead person and remanding would be useless. *Danforth* v. *Danforth,* 111 Ill. 236; *Barrett* v. *Gaston,* Breese, 255.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The appellee moved to dismiss this appeal. That motion will be denied. In view of the determination which we have reached upon the merits of the controversy we deem it unnecessary to state the reasons which led to a denial of the motion.

It is contended by appellants that the complainant in the divorce proceeding having died prior to the time when the

writ of error was sued out of the Appellate Court, the marriage status was thereby forever destroyed and there was no subject matter of which a court of review could assume jurisdiction. This court has taken the contrary view in *Wren* v. *Moss,* 1 Gilm. 560, *Wren* v. *Moss,* 2 id. 72, and *Danforth* v. *Danforth,* 111 Ill. 236. We are satisfied with the conclusions expressed in those cases.

It is then said, however, that such a decree will not, in any event, be reviewed unless it appears from the record that the party deceased left property in which the surviving husband or wife will take an interest upon the decree being reversed. If this be correct and the investigation of the court of review is confined strictly to the record made in the divorce suit, the right of the party against whom the decree passed to have the decree reviewed after the death of the successful party is of little practical worth, as it is not often that the record shows what, if any, property was owned by the party who has obtained the decree of divorce. In the case in 1 Gilm., above referred to, before the writ of error issued, the wife, against whom the decree of divorce had passed, filed in this court an affidavit showing to whom the property of the deceased husband would pass under his last will and testament, and the persons to whom that property would so pass were made defendants in error. Appellee pursued precisely the same practice in the Appellate Court in this case, and to this method of procedure we perceive no valid objection.

A certificate of evidence was taken, and one of the errors assigned by the appellee in the Appellate Court questions the sufficiency of the evidence thereby preserved to support the finding of the decree to the effect that appellee had been guilty of willful desertion without reasonable cause, as charged by the bill. Upon the hearing Martha S. Chatterton testified in her own behalf. The substance of her testimony upon this question is, that she was married to the defendant on August 13, 1868; that they resided to-

gether until four years ago "last May," and that since that time they have not lived together; that the last she heard of the defendant he was in California; that he did not support her the last year of the time they lived together and not very well before that time; that since he left her he had sent her but five dollars; that her father supported her during the last four years and had contributed materially to her support during all her married life; that as long as she and her husband lived together they were happy, but he was not a very good provider and wasted his money; that her father died "last November," and that shortly thereafter her husband sent her a letter of condolence. There is nothing in this testimony to show for what reason or with what intention her husband left her. In other words, there is no proof that the desertion was willful or that it was without any reasonable cause, as required by the statute. (Hurd's Stat. 1905, chap. 40, sec. 1.) The only other evidence taken was that of Georgiana Chatfield and Horace G. Druery, which merely shows that during the preceding four years Mr. and Mrs. Chatterton had not lived together, and that she had lived with her father up to the time of his death, in the preceding November.

The Appellate Court correctly decided, as a matter of law, that there was in the record no proof "that the husband was guilty of willful desertion without reasonable cause." Appellants, in fact, do not contend that the evidence preserved warranted a decree for divorce, but they insist, relying principally upon *Evans* v. *Woodsworth*, 213 Ill. 404, that appellee has been guilty of such *laches* that he should not be permitted to secure a reversal of the decree. The case just referred to was a bill in equity to set aside a decree of divorce upon the ground that it had been obtained by fraudulent means and by a deception practiced upon the court. In this case the review of the decree of divorce was sought by writ of error. The statute fixes the period within which that writ may be sued out. The doctrine of *laches*

successfully invoked in *Evans* v. *Woodsworth* is without application here.

The Appellate Court was correct in refusing to remand the cause. As the complainant in the bill was dead, no further proceedings could be had in the circuit court. *Danforth* v. *Danforth, supra.*

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*