ANNA M. TRENCHARD, Defendant in Error, *vs.* JOSEPH
   TRENCHARD, Plaintiff in Error.

*Opinion filed June 29, 1910.*

1. DIVORCE—*extreme and repeated cruelty means physical violence.* Extreme and repeated cruelty, as that term is used in the Divorce act, means physical acts of violence amounting to bodily harm or which raise a reasonable apprehension of bodily harm and show a state of danger incompatible with the marriage status; but mere bad temper, petulance, abusive language or want of civil attentions is not such cruelty.

2. SAME—*when a divorce decree cannot be sustained.* In the absence of a certificate of evidence, a finding in the decree that "the defendant has been guilty of extreme and repeated cruelty, as charged in the complainant's bill of complaint," is not a sufficient finding of facts to sustain the decree.

3. APPEALS AND ERRORS—*decree must be supported by the evidence.* A decree granting affirmative relief must be supported by evidence preserved by a certificate of evidence or by a finding of sufficient facts in the decree itself.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on writ of error to the Circuit Court of Cook county; the Hon. M. W. PINCK-NEY, Judge, presiding.

MATTHEW P. BRADY, for plaintiff in error.

ALBERT H. MEADS, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

On the 25th of July, 1907, Anna M. Trenchard filed a bill in the circuit court of Cook county against her husband, Joseph Trenchard, for divorce, on the ground of extreme and repeated cruelty. Defendant answered the bill, denying all its material charges. A hearing was had in the circuit court and a decree entered in favor of complainant granting a divorce and awarding complainant custody of the only child of the parties. Defendant sued out a writ

of error from the Appellate Court for the First District to reverse the decree of the circuit court. The Appellate Court affirmed the decree of the circuit court, and upon the petition of defendant a writ of *certiorari* was awarded by this court and the record is brought here for our review.

The principal contentions of plaintiff in error are that the allegations of the bill as to extreme and repeated cruelty are not sufficient; also that the decree does not recite facts that justify the relief granted.

The bill alleges that the parties were married in August, 1905; that one child was born to them in October, 1906; that the complainant had always conducted herself toward her husband as a dutiful wife but that he had been guilty of extreme and repeated cruelty toward her; "that in the month of May, 1906, the said Joseph Trenchard violently shook your oratrix and held her down upon a bed with great force; that on or about June 9, 1906, shortly before the birth of her said child, the said Joseph Trenchard sent your oratrix away from their home and said it would embarrass his daughter by a previous marriage to have her around in her condition; that in the months of February and March, in the year 1907, the said Joseph Trenchard persistently quarreled with your oratrix and kept her awake at night, so that your oratrix became the subject of nervous distress; that in the month of April, 1907, the said Joseph Trenchard seized your oratrix and pushed her violently against the door of the room in which they were." Defendant answered the bill, denying his wife had always conducted herself as a dutiful wife; denying that he had been guilty of extreme and repeated cruelty toward her; denying each specific act of cruelty set up in the bill.

The only recital of facts in the decree as to the extreme and repeated cruelty alleged in the bill is, "that the defendant has been guilty of extreme and repeated cruelty, as charged in complainant's bill of complaint." We are of the opinion the bill does not state a case of extreme and

repeated cruelty within the meaning of our statute. What is meant by cruelty, as used in our statute, has been the subject of consideration by this court in many cases, and has been construed to mean physical acts of violence; bodily harm, such as endangers life or limb; such acts as raise a reasonable apprehension of bodily harm and show a state of personal danger incompatible with the marriage state. Bad temper, petulance of manner, rude language, want of civil attentions or angry or abusive words are not sufficient grounds for divorce for extreme and repeated cruelty. (*Henderson* v. *Henderson*, 88 Ill. 248; *Harman* v. *Harman*, 16 id. 85; *Embree* v. *Embree*, 53 id. 394; *Vignos* v. *Vignos*, 15 id. 186; *Turbitt* v. *Turbitt*, 21 id. 438; *Maddox* v. *Maddox*, 189 id. 152; *Fizette* v. *Fizette*, 146 id. 328.) But two acts of alleged physical violence are charged in the bill, viz., that in May, 1906, plaintiff in error violently shook his wife and held her down upon a bed with great force, and that in April, 1907, he seized and pushed her violently against a door of a room in which they were. There is no charge that these acts were committed in anger, without justifiable provocation, nor that defendant in error was hurt or injured on either occasion, nor are any facts alleged in the bill from which it is made to appear that as a result of these alleged acts of violence defendant in error might reasonably fear she was in danger of receiving bodily harm at the hands of her husband if she continued to live with him. The dissolution of the marriage relation is a grave matter and can only be justified where the case is strictly within the statute. Our statute is sufficiently liberal in enumerating the causes for which a divorce may be granted, and it has always been the policy of this court that parties seeking a divorce should bring themselves within the statute. The dissolution of the marriage tie is a subject in which not alone the parties to it are interested, but the public is interested also. In *De La Hay* v. *De La Hay*, 21 Ill. 251, this court said: "The contract

of marriage should be dissolved only for grave and weighty causes, and parties should not be encouraged to seek divorces unless the causes exist which have been prescribed by the statute. The well being of society, the interest of the children of the marriage, good morals and the precepts of religion all forbid that the marriage contract should be dissolved unless the objects of the relation have been defeated and the cohabitation of the parties has become productive of wrong or the safety of one of the parties is endangered." In *Vignos* v. *Vignos,* 15 Ill. 186, it was said: "The whole community is interested in maintaining the binding obligations of the marriage relation, and public policy forbids that it should be dissolved, even with the consent of the defendant, unless the actual facts shown to exist really justify it under the law." It is not in every case where a wife is justified in leaving her husband and living separate and apart from him that she would be entitled to a divorce on the ground of extreme and repeated cruelty. There is no certificate of evidence in the record and no facts are recited in the decree from which the character of the acts complained of as extreme and repeated cruelty can be determined. The recital that plaintiff in error had been "guilty of extreme and repeated cruelty as charged in complainant's bill" is wholly insufficient as a finding of facts, under the allegations of the bill, to sustain the decree. It has been repeatedly held that a decree in chancery granting affirmative relief must be supported by evidence preserved by a certificate of evidence, or by a finding of facts in the decree itself.

On the record before us the judgment of the Appellate Court and the decree of the circuit court cannot be sustained. This conclusion renders unnecessary a discussion of other questions raised on this record.

The judgment of the Appellate Court and the decree of the circuit court are therefore reversed and the cause remanded to the circuit court. *Reversed and remanded.*