## Lucy H. Mallory et al., Defendants in Error, v. Frank Mallory, Plaintiff in Error.

### Gen. No. 5390.

1. WRIT OF ERROR—*practice as to suing out after death of one party.* The practice pursued in this case is approved upon the authority of Chatterton v. Chatterton, 231 Ill. 449.

2. DECREES—*what essential to sustain.* Where a decree in equity grants affirmative relief the decree will not be sustained on appeal or error unless the evidence justifying the decree is preserved by a certificate of evidence, or the decree is based upon a verdict of a jury (where the jury was a matter of right), or is based upon a report of sufficient facts by a master in chancery (where the master may hear and report proofs and findings), or the decree finds specific facts proved sufficient to support the decree.

3. APPEALS AND ERRORS—*how pleas filed on review tested.* Assignments of error upon the record whether such record be at law or in equity is a declaration as at common law; therefore, pleas filed on review are to be tested for legal sufficiency by demurring thereto.

4. DIVORCE—*when consent decree based upon money consideration not set aside.* If a consent decree of divorce has been entered in favor of a party subsequently dying, such decree will not be set aside at the instance of the party receiving the consideration in order merely to enable such party to obtain a share in the estate of the deceased divorcee.

Error to the Circuit Court of Grundy county; the Hon. S. C. STOUGH, Judge, presiding. Heard in this court at the October term, 1910. Affirmed Opinion filed April 6, 1911. *Certiorari* denied by Supreme Court (making opinion final).

CORNELIUS REARDON, for plaintiff in error; H. B. SMITH, of counsel.

CHARLES G. SACHSE, HIRAM T. GILBERT and B. F. LINCOLN, for defendants in error.

MR. JUSTICE DIBELL delivered the opinion of the court.

On August 7, 1906, Lucy Holtzman Mallory filed in the Circuit Court of Grundy county a bill for divorce against her husband, Frank Mallory, in which she alleged that they were married on January 19, 1904, and that on August 3, 1904, her husband wilfully deserted her without any reasonable cause and continued said desertion more than two years and until the filing of the bill, and that, upon obtaining a decree of divorce, she wished to resume the name of her first husband, Holtzman. Summons was served upon the defendant in Vermilion county. He answered, denying the desertion and alleging that complainant drove him away from her home in Morris and deserted him on August 3, 1904. There was a jury trial on the demand of the defendant and there was a verdict that he was not guilty of the charge of wilful desertion for two years next prior to the filing of the bill. Complainant moved for a new trial and the court entered a decree finding that the verdict was sustained by the evidence and that defendant did not wilfully desert complainant on August 3, 1904, without reasonable cause and persist in said desertion for two years before the filing of the bill, and the court denied the motion for a new trial and dismissed the bill for want of equity, and complainant prayed and was allowed an appeal therefrom. This decree seems to have been entered on April 1, 1907, at the March term of court. On April 13, at the same term, the parties came by their solicitors and entered a joint motion to vacate the orders for an appeal, and said motion was granted. Said solicitors then entered a motion to vacate the decree

and to set aside the verdict of the jury, and said motion was granted and the court awarded a new trial. Thereupon defendant by his solicitor withdrew his answer and his appearance, by leave of court. Defendant was then ruled to answer and was defaulted for want of answer, and the bill was taken as confessed by defendant. The court then heard the evidence and entered a decree which recited that the cause came on to be heard in open court upon the bill of complaint taken as confessed and upon evidence heard in open court, and that the court found that the matters set forth in the bill of complaint were substantially true as therein alleged and that the equities were with the complainant, and the court adjudged that the marriage be dissolved, that each party be barred from all claim of dower in the real estate of the other and from all right, title and interest in and to the property of the other as fully and completely as if the said parties had never been married, and that complainant be restored to the name of Lucy Holtzman, and that she pay the costs. On July 14, 1910, Cornelius Reardon filed an affidavit in this court that he had been engaged by said Frank Mallory to prosecute a writ of error from said decree. Affiant therein stated that Lucy Holtzman Mallory died on or about November 11, 1909, at Morris leaving a will which was admitted to probate in Grundy county on December 6, 1909; that Carl Robert Fox was named as executor in said will and qualified and is acting as such; that by said will said testatrix gave bequests to certain individuals named, amounting to $12,000, and devised and bequeathed the rest and residue of her estate to said Carl Robert Fox, and that the persons named are the only ones interested in said estate. Thereupon a writ of error was sued out, naming said interested parties as defendants in error. The right to such a writ of error and the correctness of this method of procedure are held in Chatterton v. Chatterton, 231 Ill. 449. The question

whether the writ of error could be sued out after three years is not raised by plea, and therefore cannot be considered by us. Peterson v. Manhattan Life Ins. Co., 244 Ill. 329.

Although some earlier decisions did not closely adhere to the rule, it is now settled law in this state that where a decree in equity grants affirmative relief, the decree will not be sustained on appeal or error, unless the evidence justifying the decree is preserved by a certificate of evidence, or the decree is based upon a verdict of a jury (where the jury was a matter of right), or is based upon a report of sufficient facts by a master in chancery (where the master may hear and report proofs and findings), or the decree finds specific facts proved sufficient to support the decree. Village of Harlem v. Suburban R. R. Co., 202 Ill. 301; Torsell v. Eiffert, 207 Ill. 621; Berg v. Berg, 223 Ill. 209; Patterson v. Northern Trust Co., 230 Ill. 334; Ohman v. Ohman, 233 Ill. 632; Grays Lake M. E. Church v. Metcalf, 245 Ill. 54; Trenchard v. Trenchard, 245 Ill. 313. The facts upon which the decree in this case was based were not preserved in this record in any of the ways above indicated, and therefore the decree cannot be sustained, if plaintiff in error is entitled to prosecute this writ of error.

Carl Robert Fox filed five pleas in his own right, numbered from one to five, respectively, and also five pleas in his right as executor, numbered from one to five, respectively. Each set of two pleas bearing the same number are substantially of the same tenor. Plaintiff in error demurred to these pleas and the cause has been submitted for decision upon demurrer to the pleas. The pleas are not, as plaintiff in error seems to suppose, pleas in chancery, for if so a demurrer would not lie to them. The assignment of errors upon the record, whether said record be at law or in equity, is a declaration as at common law. The pleas also are not pleas of a release of errors but pleas

of matter *in pais*, in bar of the writ of error. Being pleas at law they are subject to be tested by demurrer. Austin v. Bainter, 40 Ill. 82; Corwin v. Shoup, 76 Ill. 246; Mahony v. Mahony, 139 Ill. 14; Beardsley v. Smith, 139 Ill. 290; Schaeffer v. Ardery, 238 Ill. 557; Peterson v. Manhattan Life Ins. Co., *supra*.

The third plea avers that before the entry of the decree upon which errors are here assigned, to wit: on April 13, 1907, it was agreed between Mrs. Mallory and plaintiff in error that plaintiff in error should consent that the court vacate the decree previously entered in said cause dismissing the bill of complaint for want of equity, and set aside the verdict of the jury theretofore rendered in said cause and grant Mrs. Mallory a new trial and that plaintiff in error should then withdraw his answer and appearance and should suffer a default and should permit an order to be entered taking the bill of complaint as confessed by him, and should not thereafter contest the entry by the court of a decree dissolving the marriage between Mrs. Mallory and plaintiff in error; and that, in case the court should enter in said cause a decree dissolving said marriage, said Lucy Holtzman Mallory should pay to plaintiff in error and plaintiff in error should accept from her $8,000 as compensation to plaintiff in error for his share of the estate of said Lucy Holtzman Mallory; and the plea further averred that, after the entry of said decree and in pursuance of said agreement, said Lucy Holtzman Mallory paid to plaintiff in error and said plaintiff in error accepted from her said sum of $8,000 as agreed upon. The fifth plea averred that the decree upon which errors are assigned was entered with the consent of plaintiff in error, which consent he gave in pursuance of an agreement between said Lucy Holtzman Mallory and plaintiff in error that in consideration of plaintiff in error giving such consent, then upon the entry of a decree in said cause dissolving said marriage, Lucy

Holtzman Mallory should pay to plaintiff in error and plaintiff in error should accept from her $8,000 in full payment of his right, title and interest in and to her estate, both real and personal. The plea further averred that after the entry of the decree upon which errors are assigned, and on, to wit: April 13, 1907, Lucy Holtzman Mallory paid to plaintiff in error and he accepted from her $8,000 so agreed to be paid as aforesaid, and he then executed and delivered to her the following instrument in writing:

"Received of Lucy Holtzman Mallory, in full payment of all my right, title and interest in and to her estate, both real and personal, and in consideration of granting her an absolute divorce, the sum of Eight Thousand ($8,000) Dollars.

Dated at Morris, Illinois, this 13th day of April A. D. 1907.

FRANK MALLORY, (Seal)

Attest: J. W. Rausch.
Luella M. Carlson."

The plea further averred that on or about April 17, 1908, said Lucy Holtzman Mallory was legally married to the defendant in error, Carl Robert Fox, and thereafter died testate on or about November 11, 1909, and by her last will devised and bequeathed to said Carl Robert Fox all the residue of her estate remaining after payment of her debts and expenses of administration and certain legacies amounting to $12,000 and appointed said Carl Robert Fox the executor of said will, and that on December 6, 1909, said will was admitted to probate in Grundy county and letters testamentary thereunder were duly issued to said Carl Robert Fox. The fourth plea was much like the fifth, except that it omitted the allegations concerning the will of Lucy Holtzman Mallory, and that it averred that shortly after the marriage of said Lucy Holtzman Mallory and said Carl Robert Fox, said plaintiff in error acquired full knowledge of said marriage and for more than one year prior to the death of said Lucy

Holtzman Mallory and down to her death plaintiff in error acquiesced in said marriage.

If this were a mere matter of contract, the payment of a money consideration for a consent to a decree would be valid. The public, however, has an interest in the proper maintenance of the marriage relation, and public policy forbids that the parties shall agree to its dissolution or shall enter into any collusion to bring about that result. Danforth v. Danforth, 105 Ill. 603. But this writ of error is not sued out to restore the marriage relation. Death has prevented that. The sole reason for entertaining this writ of error after the death of Mrs. Mallory is in order that plaintiff in error may be restored to his statutory rights in the property left by her. Danforth v. Danforth, 111 Ill. 236; Chatterton v. Chatterton, *supra*. These pleas show that after the entry of the decree of divorce here sought to be reviewed, Mrs. Mallory paid plaintiff in error and he received from her the sum of $8,000 in full payment for all his right, title and interest in her estate, both real and personal, and that plaintiff in error then executed and delivered to her an instrument under seal to that effect. We are of opinion that it would be inequitable and unjust to permit plaintiff in error to now prosecute this writ of error to a reversal of the decree for the sole purpose of permitting him to procure a share of that estate. While he could not lawfully consent to a divorce he could lawfully contract to receive a sum of money in full satisfaction of all his right, title and interest in his wife's property; and if there is any iniquity in his so agreeing to a division of his wife's property, there is no public policy violated by holding him to the property bargain which he made and by which he so largely benefited. The principles which should now bar him from reversing this decree for the sole purpose of obtaining another portion of his former wife's estate are stated and illustrated in Whittaker v. Whittaker, 151 Ill. 266; Loud v. Loud, 129 Mass. 14; *In re* Brig-

ham, 176 Mass. 223; Mohler v. Shank's Estate, 93 Ia. 273; Marvin v. Foster, 61 Minn. 154; and in the text books on Divorce. The cases cited differ from this on the facts, but much of the reasoning there adopted is pertinent here. Plaintiff in error, pursuant to a contract of his own making, has had his share of his former wife's estate since the decree was entered, and the court should not aid him to obtain another portion. The demurrer confesses the truth of the pleas. We are of opinion that those which we have detailed establish a bar to this writ of error, and it is not necessary to discuss the first and second pleas.

The decree is affirmed.

*Affirmed.*