## Frances L. Kidd, Defendant in Error, v. Herbert F. Kidd, Plaintiff in Error.

### Gen. No. 5459.

1. DIVORCE—*when extreme and repeated cruelty established.* Held, that the evidence in this case established the charge made of extreme and repeated cruelty.

2. DIVORCE—*when decree in violation of statute.* A decree of divorce which restores the parties to the rights and privileges of unmarried persons is in contravention of the statute which prohibits remarriage within certain periods.

Divorce. Error to the Circuit Court of DeKalb county; the HON. DUANE J. CARNES, Judge, presiding. Heard in this court at the April term, 1911. Decree modified in part and affirmed in part. Opinion filed October 13, 1911.

C. I. McNETT, for plaintiff in error.

CLIFFE & CLIFFE, for defendant in error.

MR. PRESIDING JUSTICE GEORGE W. THOMPSON delivered the opinion of the court.

This was a suit for divorce brought by Frances L. Kidd against Herbert F. Kidd, in the circuit court of De Kalb county on the 29th day of April, 1909, on the ground of extreme and repeated cruelty. The defendant resided at Lincoln, North Dakota, and service was had on him by publication. A default was entered and after an *ex parte* hearing the court rendered a decree of divorce and gave the complainant the sole custody of a minor child and provided that the parties be severally at liberty to marry again in like manner as if they never had been married. The defendant prosecutes this writ of error to review the decree and assigns for error (1) that it was not proven that the

defendant in error was an actual resident of Illinois for more than a year immediately preceding the filing of her bill; (2) that the charge of extreme and repeated cruelty is not sustained by the evidence and (3) that it was error to decree that the parties be restored to the privileges of unmarried persons.

The cause was tried June 9, 1909. The complainant testified that she was living in Cortland township, in DeKalb county, and had been living there continuously for the year past. The court asked the question "When did you come to DeKalb county?" and the defendant in error answered, "March 1908." The bill also was verified by plaintiff in error when filed and states that "your oratrix, Frances L. Kidd, of the township of Cortland, county of DeKalb and state of Illinois, respectfully shows that she is and for more than a year last past, continuously immediately preceding the filing of this bill of complaint, has been an actual resident of the State of Illinois." It also appeared from the evidence of her stepfather, a farmer living in Cortland township that she was living with him. From the answers of the defendant in error to the questions of her counsel and the court, and the sworn allegation of the bill, which was confessed, the defendant in error was an actual resident of Illinois for more than one year immediately prior to filing her bill of complaint.

The bill alleges specific acts of cruelty and cruelty generally. The decree finds that "all the material allegations of the bill of complaint have been proved * * * and that the defendant, Herbert F. Kidd, has been guilty of extreme and repeated cruelty towards the complainant as alleged in said bill." The decree finds conclusions and not facts and would be insufficient standing alone. The evidence however was preserved by a certicate of evidence. The evidence shows that the parties were married in November, 1906; that nine days thereafter the plaintiff in error threw her out of bed and choked her; that after that he choked her,

leaving marks on her throat, and kicked her; that on the night of May 10, 1907, he threw her out of bed and choked her, told her if she did not leave him he would kill her and called her vile names, among them a "bitch," in her brother's presence; on that occasion her brother went into the room, interfered and stopped plaintiff in error's brutal treatment of defendant in error; she slept on the floor the remainder of that night and walked three and a half miles to her mother the next morning, who sent her back; he threatened several times to put her out of doors in the winter time and to kill her and she was sick two or three days after the choking and had marks on her throat. Plaintiff in error insists the proof does not show that what he did was done in anger. The evidence of defendant in error is corroborated in part by two other witnesses and proves the specific allegations of the bill. If the plaintiff in error was in a normal temper when he so treated defendant in error, what would he have done if he had been angry? If the acts of plaintiff in error do not constitute extreme and repeated cruelty we are at a loss to know what would in the opinion of plaintiff in error constitute such cruelty. The evidence clearly proves physical acts of violence amounting to bodily harm, and shows a state of danger incompatible with the marriage status. The acts proven constitute extreme and repeated cruelty within the meaning of the statute. Trenchard v. Trenchard, 245 Ill. 313; Fizette v. Fizette, 146 Ill. 328; Henderson v. Henderson, 88 Ill. 248. The court properly found the plaintiff in error guilty of extreme and repeated cruelty, and the evidence being preserved by a certificate of evidence that part of the decree granting the divorce is valid under the rule laid down in Mallory v. Mallory, 160 Ill. App. 417, and cases cited. So much of the decree as grants the divorce is affirmed.

Section 1a of the Divorce Act provides: "That in every case in which a divorce has been granted for any

of the several causes contained in section 1 of said act neither party shall marry again within one year from the time the decree was granted * * * Provided however that nothing in this section shall prevent the persons divorced from remarrying each other" * * * and then provides a penalty of imprisonment in the penitentiary for every person marrying contrary to the provisions of the act.   This act was held valid and consititutional in Olsen v. People, 219 Ill. 40. That part of the decree which provides that "the said parties be severally at liberty to marry again in like manner as if they had not been married and that each be restored to all and singular the rights and privileges of an unmarried person," is in direct violation of the statute and should have been omitted.   The decree will be modified in this court by striking out the words last above quoted.

The decree gave the defendant in error the custody of their minor child without any provision for plaintiff in error seeing the child but there is no assignment of error or any question raised concerning this provision of the decree.   The decree as modified in this court will be affirmed at the costs of plaintiff in error.

*Decree modified in part and affirmed in part.*