Clara Snyder et al., Heirs of Ottilie Gahlau, Deceased, Defendants in Error, v. Herman Gahlau, Plaintiff in Error.

## Gen. No. 26,708.

1. DIVORCE—*when evidence sufficient to show desertion.* Testimony, under a supplemental bill charging desertion, that complainant had not lived with defendant from the time he left her on August 18, 1917, up to the time of the hearing in question; that defendant had not supported her; that during the time they lived together he had come home drunk and wanted money and left her after that and that she treated him "just fine" while she lived with him, supported by a witness who testified that complainant had treated defendant "all right"; that defendant had left complainant and that they had lived apart since August 18, 1917, without fault on complainant's part, was sufficient to sustain the charge of desertion.

2. DIVORCE—*when character of bill deemed immaterial on writ of error.* Where an original bill for divorce not charging desertion was filed on June 20, 1918, and the defendant was defaulted after personal service, and a supplemental bill, charging desertion was filed on October 28, 1919, pursuant to notice served on the defendant who was defaulted for failing to file his answer, and where complainant died after obtaining a decree upon the supplemental bill, and her heirs were brought in by scire facias, and defendant claimed that the decree must be reversed because the desertion charged in the supplemental bill had not continued for 2 years next prior to the filing of the original bill, the defendant's defaults and complainant's death following the entry of the decree were considered, and the court did not deem it necessary that the bill under which evidence was taken and the decree entered, technically, was to be called a supplemental bill or a bill in the nature of a supplemental bill or an original bill, as the questions presented for decision were not raised below and were therefore deemed to have been waived, and by defendant's failure to appear and answer to the charge of desertion, he in effect confessed the truth of the charges.

3. DIVORCE—*when defaulting defendant not permitted, on appeal, to question validity of decree.* A defendant who had been defaulted under a bill for divorce which charged desertion and which was filed as a supplemental bill, the original bill not having charged desertion, was not permitted to question the validity of

the decree for the first time in the Appellate Court, after the death of the complainant, because the subject-matter of the suit was the marital *status*, and by the failure to appear he confessed that he had so acted that the marriage should be dissolved, and in the Appellate Court he sought, by what was in legal effect a new suit, to have adjudicated his rights to certain property, which question was only incidentally involved in the trial court.

Error to the Circuit Court of Cook county; the Hon. George Fred Rush, Judge, presiding. Heard in this court at the March term, 1921. Affirmed. Opinion filed December 19, 1921. *Certiorari* denied by Supreme Court (making opinion final).

Theodore Johnson, for plaintiff in error; Elmer H. Heitmann, of counsel.

Thadaus Love, for defendants in error.

Mr. Presiding Justice Dever delivered the opinion of the court.

June 20, 1918, Ottilie Gahlau filed a bill of complaint in the circuit court of Cook county against Herman Gahlau, in which she, in substance, alleged that she married Herman Gahlau on July 7, 1917, at which time she and defendant were each about 65 years of age; that prior to the marriage the defendant had represented himself to be a man of exemplary habits, of excellent financial standing and of good moral qualities. The bill further alleged that defendant's representations were false; that the day following her marriage with him he began to show his true character by indulging in the excessive use of intoxicating liquors; that he abused her, threatened her with bodily violence and had used filthy language towards her; that he had frankly stated to complainant that his only purpose in marrying her was to procure title to real estate owned by her of the value of $7,500. The bill charged other improper conduct on the part of defendant and it prayed that the marriage existing between complainant and defendant be declared null and void, etc.

Summons issued on the bill was duly served upon defendant on July 10, 1918, and an order of default was entered against him for failure to appear and answer the bill at the August, 1918, term of the circuit court.   Thereafter the defendant was served with notice of a motion by complainant for leave to file a supplemental bill.   The supplemental bill was filed, on leave of court, October 28, 1919, and defendant was given 5 days to file his answer thereto.   In this bill the complainant charged that she was an actual resident of Cook county for more than one year last past; that she was married to defendant on July 7, 1917; that on or about August 18, 1917, the defendant wilfully and without any just or reasonable cause deserted and abandoned complainant and refused thereafter to live with her.   In this bill complainant prayed that the marriage "may be dissolved and declared null and void."

An order of default was entered against defendant on November 22, 1919, for failure to appear and answer the supplemental bill.   A hearing was had on the supplemental bill and a decree entered in favor of complainant.   Defendant seeks to reverse this decree. Complainant having died after the entry of the decree, her heirs and personal representatives having been served with scire facias appear here as defendants in error.

A certificate of evidence shows that complainant testified that defendant left her August 18, 1917, and that she had not lived with him from that date up to the time of the hearing; that defendant did not support her; that during the time they had lived together he had come home drunk, wanted money and had hit her.   She testified, "He left me after that"; that she had treated him "just fine while I lived with him."

A witness, Charlotte Swanson, testifying on behalf of complainant, said that complainant had treated defendant "all right"; that defendant had left complain-

ant and that she had not lived with him since that time; that complainant and defendant had lived separate and apart since the 18th day of August, 1917, without any fault on the part of complainant.

We think the evidence is sufficient to sustain the charge of desertion made in the bill; its uncontradicted purport is that defendant had without any fault on the part of complainant left her, and he had not, following that time and up to the time of the hearing, made any effort to live with her.

It is urged that the decree must be reversed because it appears from the evidence that the desertion charged in the supplemental bill had not continued for the statutory period of 2 years next prior to the filing of the first or original bill, and in support of this contention reliance is had upon the decision of the Supreme Court in the case of *Embree v. Embree,* 53 Ill. 394. In the *Embree* case the defendant appeared and filed an answer to the bill, and, so far as the opinion in the case shows, contested the case in the trial court. In the instant case, however, the record shows that following the filing of the first bill the defendant was duly served with summons; that he had been served with notice of the motion for leave to file the supplemental bill; that he had been given 5 days to answer the latter, and that orders of default had been entered against him for his failure to answer either bill. In the *Embree* case, where desertion was also charged, the court held that "a hearing can only be had on the grounds which exist when the suit is commenced. Subsequent grounds cannot be incorporated into the case after the proceeding has been commenced."

In considering this question defendant's defaults should be kept in mind and also that complainant, his wife, died following the entry of the decree.

In the case of *VanWert v. Boyes,* 140 Ill. 98, the Supreme Court said:

"The point is made by counsel for the defendant

and urged with much persistency that the case was not a proper one for a supplemental bill, and that the decision of the circuit court dismissing it at the complainant's costs may be justified on that ground. On this point it is sufficient to say, that this question was not raised in the circuit court, and as a consequence it must be deemed to have been waived. The defendant, instead of objecting, in some proper mode, that the bill was improperly filed, answered, and contested the equities which it set up on the merits, and went to a hearing on pleadings' and proofs without objection, and it seems clear therefore, first, that the decree can in no respect have been based upon the point of equity pleading and practice now suggested, and, secondly, that the defendant cannot insist for the first time on appeal that the case is not one for a supplemental bill. It is of no importance now what the bill is called, whether a supplemental bill, or an original bill in the nature of a supplemental bill, or an original bill. The only question is whether, admitting its propriety, the decree is sustained by the pleadings and proofs.''

As held in the *VanWert* case, *supra,* we do not deem it necessary to hold that the bill under which evidence was taken and the decree entered technically is to be called an original bill, a supplemental bill, or a bill in the nature of a supplemental bill, or an original bill, as it appears that the questions presented to us for decision were not raised in the circuit court and, as a consequence, they ''must be deemed to have been waived.'' By his failure to appear and file an answer to the charge of desertion, defendant in effect confessed the truth of the charges.

In the case of *Mallory v. Mallory,* 160 Ill. App. 417, a wife filed a bill charging her husband with deserting her on August 3, 1904. The defendant appeared, answered the bill, and on a hearing a decree was entered which recited that defendant had not deserted complainant as charged in the bill. Following the entry of the decree, the parties by their solicitors entered

a joint motion to vacate orders allowing an appeal. This motion was granted, the decree was vacated, and a new trial awarded. The defendant's answer to the bill was withdrawn by leave of court, default was entered against him and the bill was taken as confessed; the court heard evidence and a decree was entered in favor of complainant, which defendant thereafter, and several months after the death of complainant, sought to reverse by writ of error. In deciding the case the court said:

"The facts upon which the decree in this case was based were not preserved in this record in any of the ways above indicated, and therefore the decree cannot be sustained, if plaintiff in error is entitled to prosecute this writ of error. * * * But this writ of error is not sued out to restore the marriage relation. Death has prevented that. The sole reason for entertaining this writ of error after the death of Mrs. Mallory is in order that plaintiff in error may be restored to his statutory rights in the property left by her. *Danforth v. Danforth,* 111 Ill. 236; *Chatterton v. Chatterton, supra* [231 Ill. 449]."

The opinion in the *Mallory* case discloses that the defendant's consent to the vacation of the first decree was brought about by a money settlement with him. But notwithstanding this fact, we think that the decision is an authority in favor of defendants in error. A sound public policy ought to forbid granting relief such as is prayed for in the present suit. The defendant does not seek, what would be impossible, to restore the marriage relation. His sole purpose is to obtain a part of the property owned by the wife whom he had deserted.

In the case of *Whittaker v. Whittaker,* 151 Ill. 266, it was held that where a defendant petitions to set aside a decree, the burden was upon him to show that the decree against him ought not to have been entered and that it should be vacated for reasons appearing by the petition. In that case the defendant, a non-

resident, was served by publication and the decree was entered on an *ex parte* hearing.

Defendant will not be permitted in this court, and for the first time, to question the validity of the decree. He failed to avail himself of the several methods by which his rights might have been adjudicated and protected in the trial court. The subject-matter of the suit in that court was the marital *status,* and by his failure to appear therein he confessed that he had so acted towards complainant as that the marriage should be dissolved. In this court the defendant seeks by the bringing of what in legal effect is a new suit to have adjudicated his rights to certain property, which question was only incidentally involved in the trial court.

The decree of the circuit court is affirmed.

*Affirmed.*

McSURELY and MATCHETT, JJ., concur.