# William R. Steinberg, Appellant, v. Emma M. Fuher et al., Appellees.

## Gen. No. 27,402.

1. APPEAL AND ERROR—*review restricted to matters preserved by bill of exceptions or certificate of evidence.* The sufficiency of a proposed amended bill of review cannot be inquired into by the Appellate Court on appeal from an order denying leave to file such amended bill and dismissing complainant's bill for want of equity where the exceptions taken and the proposed amended bill are not properly preserved by any bill of exceptions or certificate of evidence.

2. BILLS OF REVIEW—*sufficiency of allegations for review of divorce decree.* A bill of review to review, after the wife's death, on the ground of newly discovered evidence and conspiracy of the defendants, a divorce decree granted to her on grounds of extreme cruelty, is demurrable where it appears therefrom that the decree was granted pursuant to stipulation as on default of the defendant and without contest by the husband, that repeated acts of extreme cruelty were proven which are not denied in the bill of review, that the sole purpose of complainant, the husband, in seeking the bill of review is to secure possession of personalty in possession of the wife at her death and where the newly discovered evidence is based on the alleged insanity of the wife as set out in affidavits of physicians which do not aver insanity but merely mental disorder not amounting to insanity, of which complainant must have known at the time of the divorce, and the allegations of conspiracy to defraud complainant are made in general terms and consist of conclusions without any statement of facts or acts amounting to conspiracy.

3. BILLS OF REVIEW—*sufficiency of supporting affidavits.* Affidavits of physicians offered in support of a husband's bill of review to review a divorce decree entered in favor of the wife after stipulation by the husband that trial should be had as on his default, on the ground of extreme cruelty, which was proven on the trial and is not denied in the bill of review, that the wife was insane at the time of the divorce proceeding, do not show that she was insane where they aver that she was "mentally unsound and deficient" and "irresponsible, irrational and mentally unbalanced and of unsound mind" but do not specifically aver that she was insane or had not sufficient mental capacity to understand what she was doing or that she was seeking a final separation.

4. DIVORCE—*when decree will not be reviewed on bill of review.* A bill of review by a husband to review a decree of divorce in favor of the wife on her suit on the ground of extreme cruelty is properly dismissed for want of equity where review is sought on the ground of the wife's alleged insanity at the time of the divorce suit and the bill and petition show that the decree was entered in her favor after stipulation that the suit should proceed as on default by the husband, that repeated acts of extreme cruelty were proven and no issue of insanity of the wife was then raised, although it must have been known to the husband, if it existed, that the husband then made a large property settlement on the wife in lieu of dower and for alimony, solicitor's fees and suit money, that the newly discovered evidence urged as ground for review consists of physicians' affidavits as to the wife's mental condition which do not aver actual insanity or mental incapacity of such character that she had no understanding of the nature of her acts in seeking divorce, the allegations of conspiracy are general statements of conclusions, and where it appears that the only purpose of the husband in seeking to review the decree is to secure possession of a large amount of personalty of which the wife died possessed, her death having occurred shortly before the filing of the bill of review.

Appeal by complainant from the Circuit Court of Cook county; the Hon. JESSE A. BALDWIN, Judge, presiding. Heard in this court at the October term, 1921. Affirmed. Opinion filed February 19, 1923.

PINES & NEWMANN, for appellant; ALVIN E. STEIN, of counsel.

TOLMAN, REDFIELD, SEXTON & CHANDLER and HENRY T. CHACE, for appellees.

MR. JUSTICE DEVER delivered the opinion of the court.

Complainant appeals from a decree of the circuit court of Cook county sustaining a demurrer to a bill of review by which complainant sought to have reviewed a decree of divorce entered against him in the circuit court on July 3, 1919, in an action brought against him by his wife, now deceased.

Upon the entry of the order sustaining the demurrer complainant asked leave to file an amended bill and

was given leave "to present an amended bill for the consideration of the court within 20 days  *  *  * provided a copy of such bill be served on counsel for defendants two days prior to its presentation to the court with notice of the day and hour of the proposed presentation."

An amended bill was filed which later was stricken from the files, apparently for the reason that it had not been filed with leave of court. Thereafter on motion for leave to file the amended bill, the court after argument heard denied the motion and the complainant's bill was dismissed for want of equity. While complainant took exceptions to the order of the court denying leave to file the amended bill, the exceptions were not preserved by a bill of exceptions and it appears here, improperly, as a part of the record.

Certain of the questions argued in the case, particularly those touching the sufficiency of the alleged amended bill, are not properly presented to this court. Those questions should have been preserved by bill of exceptions or a certificate of evidence. We are not permitted, therefore, to look at the document for the purpose of determining whether the court erred in refusing complainant leave to file it.

There is merit in the point made that it appears from the bill of review and the petition that the trial court had no jurisdiction of principal defendants to the bill or of the subject-matter. It appears by the bill that the property involved was located out of the jurisdiction of the court and that the principal defendants did not reside within the jurisdiction. Service was had upon these defendants by publication and they sought by special appearance a dismissal of the bill for want of jurisdiction, and on this motion the court held against them.

But aside from these questions, we believe the decree should be affirmed.

On the face of the petition for leave to file the bill

and in the bill itself it appears that a bill for divorce was filed against complainant by Belle Fuher Steinberg, his then wife, on the 4th of June, 1919. That bill charged Steinberg, complainant here, had been guilty of repeated acts of cruelty towards her which had endangered her health; that his attacks upon her and threats made by him had become so pronounced that she feared for her bodily safety. The bill prayed for divorce and an injunction was issued thereon which restrained Steinberg from molesting or annoying her and from incumbering, concealing, or giving away certain property which the bill alleged he owned. July 1, 1919, Steinberg filed an answer to the bill for divorce, in which he denied that he had used threats or violence toward his wife, as charged in the bill, and on the same day the parties entered into a stipulation which provided that the cause might be tried by the court in the same manner as if a default had been entered against Steinberg; a trial was had and a decree entered in the cause which found Steinberg guilty of the charges made against him in the bill. The decree further found that he had paid his then wife a lump sum of money in lieu of dower and in full settlement of all claims for alimony, solicitors' fees, and suit money. A certificate of evidence filed in the cause shows by the testimony of defendant's deceased wife that she had been assaulted by him at least four or five times; that they were married in June, 1898, and that no children were born of the marriage; that Steinberg had paid her as a ''lump sum settlement'' about $42,500. There was also the testimony of two witnesses which tends to corroborate that relating to defendant's acts of cruelty. The decree provided that complainant in the divorce proceedings was to be debarred from any right, title or interest thereafter in any of Steinberg's property.

It is charged in the bill of review that at the time of the filing of the bill and entry of the decree in the

divorce proceedings and at all times thereafter Belle Fuher Steinberg was of unsound mind and insane; that complainant was unaware of her said mental condition at said times and that he first learned of the existence of "said newly discovered evidence" during the month of September, 1920. It appears by the evidence introduced in the divorce suit that complainant and defendant in that case separated about three weeks before the bill therein was filed, and that as late as April 23, 1919, defendant had abused complainant.

The bill of review further charged that defendants, Emma M. Fuher, John Fuher, George Fuher, Anson Fuher, Otto Fuher, Frank Fuher, Bert Fuher, Edith Tollerton, and their attorney conspired together to injure complainant and to procure a sum of money from him for "their own mercenary motives," and to separate complainant and his wife and cause the institution of divorce proceedings; that later, on June 4, 1920, the same persons, again conspiring with a view to obtain property of said Belle Fuher Steinberg, caused a petition to be filed by A. C. Fuher in the superior court of Spokane County, Washington, and that pursuant to the prayer of said petition "a warrant for the arrest of said Belle Fuher Steinberg and citation to examining physicians were issued on June 4, 1920."

Other allegations of the bill of review charge in somewhat different language a conspiracy between defendants and their attorney to procure the divorce decree referred to. Belle Fuher Steinberg died July 5, 1920, and the present suit was begun November 5, 1920.

It is charged by the bill of review that Belle Fuher Steinberg left personal property of the value of $50,000, all of which was within the control of defendants, and that the alleged conspiracy entered into by them was for the purpose of obtaining this property;

that the decree in the divorce proceedings had been performed by complainant here so far as the same was to be performed by him.

A demurrer filed to the bill of review was sustained, and this, it is said, was error. In considering this question certain facts alleged in the petition and the bill of review should be kept in mind. It appears therefrom that complainant here is not seeking to re-establish the marital status which existed prior to July, 1919, between himself and Belle Fuher Steinberg; that would be impossible. He prays to set aside the decree in the divorce proceedings, but solely for the purpose of obtaining possession of personal property which belonged to his former wife prior to her death. He was a party to the divorce proceedings; he filed an answer to the bill filed in the cause and by stipulation entered into on the day of the trial he permitted the cause to go to trial as though default had been entered against him. He, in effect, consented to the entry of the decree and in order to be released of any claims which his former wife might have had upon him or his property he paid her the large sum of $42,500. It appears by the bill that he lived with her to within a few days of the time when the bill which charged him with repeated acts of cruelty was filed. Either complainant's statement that his deceased former wife was insane at the time the bill for divorce was filed is false, or, if she in fact was insane at that time, complainant was well aware of the fact. So satisfied was he of the truth of the charges made against him in her bill, or so gratified because she had concluded to divorce him, that he was willing to pay and did pay to her the sum of $42,500. In the bill of review he does not deny that he was guilty of the charges made in the divorce suit, and his consent to the entry of the decree amounts to a confession of his guilt. Whether his deceased wife was or was not of sound mind at the time the bill for divorce was filed, the bill

of review shows that defendant's conduct toward her was such that she was clearly entitled to some protection from his cruelty. He made no effort by prosecuting an appeal or writ of error to procure a review of the decree which he here complains of. He here seeks only to recover certain property interests, and it is perfectly clear that complainant was, and had his former wife's death not intervened would have remained, entirely satisfied with the decree.

In the case of *Chatterton v. Chatterton,* 231 Ill. 449, it was held that the death of a complainant in a divorce suit before the suing out of a writ of error to review a decree in her favor would not destroy the subject-matter of the suit, so as to deprive a court of review of jurisdiction. It will be noted, however, that that case went to the Appellate Court [132 Ill. App. 31] and from thence to the Supreme Court on writ of error, and both courts were of the opinion that a certificate of evidence in the record showed that the decree in the cause was entered upon insufficient evidence of desertion. The *Chatterton* case appears to have been contested throughout by the defendant, and in this particular it differs widely from the present case.

Two affidavits were filed in support of allegations of the petition and the bill of review, sworn to by gentlemen of the medical profession. Both of these affidavits state in almost the same words that at the time the bill was filed and for some time prior thereto, "affiant was of the opinion and is now of the opinion and so states the facts to be that the said Mrs. Belle Steinberg was mentally unsound and deficient, irrational, irresponsible, and of unsound mind." This is the "newly discovered evidence" upon which complainant bases his conclusion that she was insane. Both affiants, however, on oath state that they did not inform complainant of the alleged unsound mental condition of his former wife. In view of the record

made in the divorce case these affidavits ought to be scrutinized with great care. It is not stated therein that the complainant in the divorce case was insane. It is said that she was of "unsound mind, irresponsible, irrational and mentally unbalanced." One might be excused for thinking that it was somewhat strange if she actually was insane that these gentlemen did not so state, and also that they did not inform complainant of the fact. But whatever one may think of the statements, it does not appear therefrom that she was actually insane at the time the bill for divorce was filed. One of the affiants charges that she was addicted to the extensive use of alcoholics, which fact, if true, alone might be thought to authorize the expression of opinion that she was mentally unsound, although no charge of inebriety was made by complainant against his former wife in the answer filed by him in the divorce proceedings. The bill of review does not charge, nor do the affidavits affirm, that complainant in the divorce proceedings did not have sufficient mental capacity to understand fully the meaning and effect of the bill which she filed against defendant, or that she was unable to determine in her own interest whether she desired a final separation from him.

In the case of *Elzas v. Elzas,* 183 Ill. 132, the Supreme Court said:

"The bill was filed  *  *  *  more than four months before the hearing. He was served with process and appeared and filed his answer. He had ample time to hunt up any defense that he might have had. He was not hindered in any manner from making any investigation of the life or associations of his wife that he saw fit.  *  *  *  The avenues of information were open to him as fully during the four months before the trial as afterwards."

In *Bradford v. Abend,* 89 Ill. 78, the facts were not at all similar to those in the present case. The bill in that case was filed by the conservator of one Ann Bradford to set aside a decree of divorce entered

against her husband on a bill filed by her while she was confined in a hospital for the insane. The bill charged that while so confined in the asylum and while wholly incapable of comprehending any business, she filed a bill for divorce against her husband, charging him with desertion; that without waiting to have process issued and served upon him, the defendant on the day the bill was filed caused his appearance to be entered; that the cause was at once heard and a decree of divorce rendered. It will be noted that in that case, as in many other cases where the question under consideration has arisen, relief was sought on behalf of an insane person. The bill in that case charged that Mrs. Bradford was unable to transact business. It is not alleged here that complainant's deceased wife was so mentally unsound that she was unable to understand the effect upon her rights of the filing of the bill for divorce. Whether the alleged unsoundness of mind was merely slight, or whether it was so complete as to render her unfit to transact any business of importance, is not stated and does not appear.

"Where the act of a person is sought to be avoided on the ground of his insanity, the complaint must allege his incapacity and negative subsequent affirmance of the act." 22 Cyc. 1238; *Valentine v. Lunt,* 115 N. Y. 496.

Charges are made in most general terms that defendants had conspired together to defraud complainant. What facts or acts are relied upon to sustain these conclusions are not stated.

In *Doose v. Doose,* 300 Ill. 134, the Supreme Court said:

"An allegation of conspiracy, collusion and fraud must show the facts upon which it is based. The words themselves, unsupported by facts, are mere vituperation."

The court properly sustained a demurrer to the bill of review.

As hereinbefore stated, there is no certificate of

evidence in the record which purports to recite the allegations of a proposed amended bill of review which the court denied complainant permission to file. That pleading is, therefore, not before us. The proposed amended bill, however, is included in the record. It sets out at length the relations of complainant with his deceased former wife after the entry of the decree of divorce. It is stated that for some time after the entry of the decree he and his deceased former wife lived together as man and wife; that although he had so lived with her and had advanced money to her, he did not become apprised of her mental unsoundness until after her death. A reading of this document convinces us that in charging that his deceased former wife was insane at the time the bill for divorce was filed, and in making serious charges against her character, as to which he remained strangely silent until apprised of her death, complainant, on the face of his pleadings, is not revealing the truth.

In the case of *Snyder v. Gahlau,* 223 Ill. App. 111, a case in which the Supreme Court denied a writ of certiorari, this court said:

"Defendant will not be permitted in this court, and for the first time, to question the validity of the decree. He failed to avail himself of the several methods by which his rights might have been adjudicated and protected in the trial court. The subject-matter of the suit in that court was the marital *status,* and by his failure to appear therein he confessed that he had so acted towards complainant as that the marriage should be dissolved. In this court the defendant seeks by the bringing of what in legal effect is a new suit, to have adjudicated his rights to certain property, which question was only incidentally involved in the trial court." *Mallory v. Mallory,* 160 Ill. App. 417.

In the case of *Whittaker v. Whittaker,* 151 Ill. 266, the Supreme Court said:

"It was held that where a defendant petitions to set aside a decree, the burden was upon him to show that

the decree against him ought not to have been entered and that it should be vacated for reasons appearing by the petition.''

Complainant by the allegations of his petition and the bill of review shows that he had full knowledge of all the facts and circumstances which attended the filing of the bill of divorce, and he ought not, in view of the fact that he with such knowledge consented to the decree, to be relieved in a separate suit from the binding force of the decree.

The decree of the circuit court is affirmed.

*Affirmed.*

McSURELY, P. J., and MATCHETT, J., concur.